## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-cv-2295 (EGS) |
| UNITED STATES POSTAL SERVICE, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

### PLAINITFF NAACP'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff National Association for the Advancement of Colored People (NAACP) respectfully submits this response to the Court's order "to show cause why this action should not be consolidated as related with *Richardson v. Trump*, 20-2262; *State of New York v. Trump*, 20-2340; and *Vote Forward v. DeJoy*, 20-2405." Minute Order, 9/1/2020. The NAACP believes that consolidation of the cases under Rule 42(a) with respect to discovery would be appropriate, but that consolidation as to briefing or adjudication of the NAACP's pending preliminary injunction motion or of potential cross-motions for summary judgment would not be appropriate. The NAACP's motion for a preliminary injunction raises straightforward claims that can be adjudicated promptly without further discovery, and the NAACP has a strong interest in the prompt resolution of this motion given the ongoing harms to the NAACP and its members. By contrast, each of the other cases raise constitutional claims that are both not raised by the NAACP and likely to require discovery. Consolidating the NAACP case with the other cases *only* for discovery purposes will advance judicial economy without causing delay or prejudice.

DISCUSSION

When, as here, cases involve common questions of law or fact, Rule 42(a) gives courts the discretionary authority to consolidate cases either in whole or part. *See* Fed. R. Civ. P. 42(a)(1), (2). In exercising their discretion under Rule 42, "district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *National Security Counselors v. CIA*, 322 F.R.D. 41, 43 (D.D.C. 2017). Further, if the court determines that consolidation is proper, a "court need not order the actions consolidated in their entirety but merely may order a joint hearing or trial of the common issue or of other particular issues." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2382 (citing cases); *see* Fed. R. Civ. P. 42(a)(2).

Here, consolidating the four cases for purposes of discovery, to the extent that discovery is needed, is supported by considerations of convenience and economy and would not pose a risk of delay or prejudice. *See Am. Postal Workers Union v. U.S. Postal Service*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) ("When determining whether to exercise such discretion [to consolidate under Rule 42(a)], 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'" (citation omitted)).

In contrast, consolidating these cases for purposes of adjudicating the NAACP's preliminary injunction motion (or potential expedited cross-motions for summary judgment) would not serve those interests and would unfairly prejudice the NAACP by delaying resolution of its pending motion. *See National Security Counselors*, 322 F.R.D. at 43. The NAACP's motion raises straightforward legal claims that Defendants acted in an arbitrary and capricious

manner and violated 39 U.S.C. § 3661. *See* ECF 8-1 at 15–26. Because those claims are based on publicly available and judicially noticeable facts, they can be adjudicated expeditiously by way of preliminary injunction or, potentially, expedited cross-motions for summary judgment. Expedited adjudication is important to the NAACP, which is already diverting civic engagement resources as a result of delays in mail service, and to its members, who rely on timely postal service for the delivery of essential mail, including prescription medications. *See id.* at 27–29. By contrast, the other cases—*Richardson*, *State of New York*, and *Vote Forward*—raise constitutional claims that, as the NAACP understands them, cannot be resolved without discovery. Consolidation of the NAACP's case with the merits briefing in those cases would thus delay resolution of the NAACP's claims. *See, e.g.*, *De La Fuente v. DNC Servs. Corp.*, No. 18-336, 2019 WL 1778948, at *13 (D.D.C. Apr. 23, 2019) (exercising discretion to deny consolidation where it could potentially delay proceedings and thereby prejudice one of the parties); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383 (recognizing that a consolidation may be denied if it "will cause delay in the processing of one or more of the individual cases").

The NAACP does not, however, oppose a coordinated briefing schedule for its preliminary injunction and the preliminary injunction filed in *State of New York v. Trump*, which raises a subset of the legal issues addressed in the NAACP's motion. The NAACP requests, however, that the Court allow the parties to file separate reply memoranda in support of their pending motions, in light of the NAACP's arguments on an additional cause of action and the parties' separate arguments as to irreparable harm. The NAACP anticipates proposing such coordinated briefing in the joint status report to be filed on September 8.

The NAACP believes that the limited consolidation described above will preserve judicial economy and avoid duplicative work for the litigants and the Court, while allowing the

Court to promptly adjudicate the issues raised in the NAACP's preliminary injunction motion,

thereby avoiding prejudice to the NAACP.

Dated: September 4, 2020                         Respectfully submitted,

                                                 /s/ Allison M. Zieve
Samuel Spital (D.D.C. Bar No. SS4839)            Allison M. Zieve (DC Bar No. 424786)
Rachel Kleinman (NY Bar No. 4417903)             Matthew A. Seligman (DC Bar No. 1018889)
Monique Lin-Luse (NY Bar No. 5671920)            PUBLIC CITIZEN LITIGATION GROUP
J. Zachery Morris (NY Bar No. 5392196)           1600 20th Street NW
John S. Cusick (NY Bar No. 5585245)              Washington, DC 20009
NAACP LEGAL DEFENSE &                             (202) 588-1000
    EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

                         Counsel for Plaintiff NAACP