IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>　　　　　Defendants. | Civil Docket No. 20-cv-2295 (EGS) |

**[PROPOSED] ORDER**

　　　　1.　　　　In the above-enumerated case (this "Action"), Defendants have agreed to produce to Plaintiff documents that are responsive to requests for expedited discovery filed in a parallel case pending in the Eastern District of Washington. Such documents are referred to herein as the "Expedited Discovery Response."

　　　　2.　　　　The Court hereby enters this Protective Order ("Order") to protect confidential documents and information that may be produced as part of the Expedited Discovery Response, or as otherwise required, in the course of the proceedings in this Action and to set forth mandatory procedures for persons who receive or review documents or information produced subject to this Order.

　　　　3.　　　　<u>Confidential Information</u>.　USPS and its counsel are hereby authorized to release confidential business information that is contained in the Expedited Discovery Response.

　　　　4.　　　　<u>Definitions</u>.

1

a. <u>Covered Documents</u>. Those documents in the Expedited Discovery Response, or as otherwise required in the course of proceedings in this Action, that USPS or its counsel identifies as containing confidential business information by the designation "Confidential" are hereinafter referred to as "Covered Documents."

b. <u>Covered Information</u>. All information that USPS or its counsel identifies as being confidential business information as well as any information derived solely from Covered Documents, even if incorporated in another document, pleading, or referred to in testimony, is hereinafter referred to as "Covered Information."

5. <u>Designations of Information as "Confidential"</u>. USPS will designate as "Confidential" only the material that it determines is confidential business information. If only some of the information on a page is confidential, then USPS will indicate which part is confidential and protected by this Order. If all the information on a page contains confidential business information, then USPS will designate the whole page as "confidential."

6. <u>Explanation of "Confidential" Designations or Redactions</u>. If Plaintiff's counsel, in good faith after reviewing the Expedited Discovery Response, notifies USPS which confidentiality designations or redactions are either not self-evident from the context of the Expedited Discovery Response or are challenged as not being confidential or properly redacted, USPS will promptly provide to Plaintiff's counsel explanations of the nature of any Redacted Information, and reasons that it believes that Covered Documents, Covered Information, or Redacted Information require confidentiality.

7. <u>Persons to Whom Disclosures May Be Made</u>. Disclosure of Covered Documents or Covered Information in the Expedited Discovery Response by Plaintiff's counsel is strictly limited to

    a. the Court; the Court's staff; court reporters;

    b. the Department of Justice;

    c. Plaintiff's counsel, including associated personnel necessary to assist Plaintiff's counsel in this litigation, such as litigation assistants, paralegals, secretarial or other clerical personnel, and litigation support services, including outside copying services;

    d. experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    e. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Covered Information, in which case the transcript of the designated testimony must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>Nondisclosure of Covered Documents and Covered Information</u>. Plaintiff's counsel may use Covered Documents or Covered Information produced subject to this Order only for the purpose of this litigation (and all appeals thereof).

9. <u>Covered Documents and Covered Information To Be Returned</u>. Plaintiff's counsel shall return or destroy any and all Covered Documents or Covered Information to USPS's counsel within ten (10) business days following the termination of this Action (including any appeals hereof). Any work product created or filed by Plaintiff's counsel that contain Covered Documents or Covered Information and are retained by Plaintiff's counsel as part of their litigation files remain subject to the terms of this Order.

10. <u>Covered Documents and Covered Information To Be Filed Under Seal</u>. Those portions of any filings with the Court that include Covered Documents or Covered Information produced subject to this Order shall be made under seal pursuant to the applicable rules of the Court.

11. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

12. <u>Dispute Resolution</u>. In the event that any party to this Action disagrees at any stage of these proceedings with the designation of Covered Documents or Covered Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge

13. <u>Continued Effect</u>. Insofar as the provisions of this Order restrict the communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

14. <u>Unauthorized Disclosure</u>. Should any Covered Documents or Covered Information be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order.  In particular, the disclosing party shall (a) promptly inform such person in writing of all the provisions of this Order and use its best efforts to immediately retrieve all copies of the Covered Documents or Covered Information; (b) simultaneously serve, by electronic mail upon the USPS, copies of the inadvertently disclosed material or a full description of the inadvertently disclosed material; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A. The executed agreement shall promptly be served by electronic mail upon the USPS.

15. <u>Nonparty Demand</u>. If either party to this Action receives or is served with a third-party subpoena, request for production, or some other legal demand seeking Covered Documents or Covered Information, that party shall give prompt actual written notice, within ten (10) days of receipt of such subpoena, demand, or legal process, to the opposing party.  USPS may then object to the production of the Covered Documents or Covered Information to the extent permitted by law.  Should the third-party seeking access to the Covered Documents or Covered Information take action to enforce such a subpoena, demand or other legal process, USPS has the affirmative

obligation to initiate (or intervene in) a judicial proceeding to defend and substantiate any claim that the Covered Documents or Covered Information is not subject to disclosure.

16. Nothing in this Order shall bar amendment of this Order by agreement of the parties or by Order of the Court. Any such amendment made by agreement of the parties shall be made in writing.

17. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

18. The parties agree to submit this Order for entry by the Court and to be bound by its terms while waiting its entry by the Court.

19. Nothing in this Order shall be construed as prohibiting or otherwise restricting USPS' own use or disclosure of Covered Documents or Covered Information subject to this Order, including disclosure to the Department of Justice.

       IT IS SO ORDERED.
DATED:_____                                  By:_____
                                                                UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**Acknowledgment and Agreement to be Bound**

a.  My name is_____. I am over the age of twenty-one years, of sound mind and capable of making this Affidavit. I am personally acquainted with the facts stated herein and know them to be true and correct. I have never been convicted of a felony or a crime involving moral turpitude.

b.  My address is _____.

c.  My present occupation is _____, and I am currently employed by_____.

d.  I have received a copy of the Protective Order in this Action, and have carefully read and understand its provisions.

e.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action, any "Covered Documents or Covered Information" (as those terms are defined in the Protective Order) which I receive in this Action.

f.  I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

g.  I declare under penalty of perjury that the foregoing is true and correct.

Date:

City and State where sworn and signed:

Printed name:

Signature: