# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–02295–EGS</u>

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF
COLORED PEOPLE v. UNITED STATES POSTAL SERVICE
et al
Assigned to: Judge Emmet G. Sullivan
 Cases: 1:20–cv–02262–EGS
        1:20–cv–02340–EGS
        1:20–cv–02405–EGS
Cause: 05:0706 Judicial Review of Agency Actions

Date Filed: 08/20/2020
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**NATIONAL ASSOCIATION FOR
THE ADVANCEMENT OF
COLORED PEOPLE**

represented by **Allison Marcy Zieve**
PUBLIC CITIZEN LITIGATION
GROUP
1600 20th Street, NW
Washington, DC 20009
(202) 588–1000
Fax: (202) 588–7795
Email: azieve@citizen.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel Spital**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street
5th Floor
New York, NY 10006
(212) 965–2200
Email: sspital@naacpldf.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**UNITED STATES POSTAL SERVICE**

represented by **Joseph Evan Borson**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514–1944
Fax: (202) 616–8460
Email: joseph.borson@usdoj.gov
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Kuntal Virendra Cholera**
U.S. DEPARTMENT OF JUSTICE
1100 L. St. NW
Washington, DC 20005
(202) 305–8645
Email: kuntal.cholera@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Robinson**
U.S. DEPARTMENT OF JUSTICE
1100 L Street NW
Washington, DC 20005
202–616–8489
Email: john.j.robinson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **LOUIS DEJOY**<br>*in his official capacity as Postmaster General of the United States Postal Service* | represented by | **Joseph Evan Borson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Kuntal Virendra Cholera**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **John Robinson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **RICHARD BLUMENTHAL** | represented by | **Brianne Jenna Gorod**<br>CONSTITUTIONAL ACCOUNTABILITY CENTER<br>1200 18th Street, NW<br>Suite 501<br>Washington, DC 20036<br>(202) 296–6889 ext. 304<br>Email: brianne@theusconstitution.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **CORY A. BOOKER** | represented by | **Brianne Jenna Gorod**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

**SHERROD BROWN**            represented by    **Brianne Jenna Gorod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**TOM CARPER**            represented by    **Brianne Jenna Gorod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**MAZIE K. HIRONO**            represented by    **Brianne Jenna Gorod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMY KLOBUCHAR**            represented by    **Brianne Jenna Gorod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**EDWARD J. MARKEY**            represented by    **Brianne Jenna Gorod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**JEFFREY A. MERKLEY**            represented by    **Brianne Jenna Gorod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**JACK REED**            represented by    **Brianne Jenna Gorod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**BERNARD SANDERS**            represented by    **Brianne Jenna Gorod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **JEANNE SHAHEEN** | represented by | **Brianne Jenna Gorod**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **ELIZABETH WARREN** | represented by | **Brianne Jenna Gorod**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **SHELDON WHITEHOUSE** | represented by | **Brianne Jenna Gorod**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **RON WYDEN** | represented by | **Brianne Jenna Gorod**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **UNITED STATES HOUSE OF REPRESENTATIVES** | represented by | **Douglas N. Letter**<br>U.S. HOUSE OF REPRESENTATIVES<br>Office of General Counsel<br>219 Cannon House Office Building<br>Washington, DC 20515<br>(202) 225–9700<br>Email: douglas.letter@mail.house.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/20/2020 | 1 | | COMPLAINT *FOR DECLARATORY AND INJUNCTIVE RELIEF* against All Defendants ( Filing fee $ 400 receipt number ADCDC–7486929) filed by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Attachments: # 1 Summons to USPS, # 2 Summons to US Attorney's Office, # 3 Summons to Louis DeJoy, # 4 Summons to Attorney General, # 5 Civil Cover Sheet)(Zieve, Allison) (Entered: 08/20/2020) |
| 08/20/2020 | 2 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Zieve, Allison) (Entered: 08/20/2020) |

| 08/20/2020 | | | Case Assigned to Judge Tanya S. Chutkan. (zmd) (Entered: 08/20/2020) |
|---|---|---|---|
| 08/20/2020 | 3 | | SUMMONS (4) Issued Electronically as to LOUIS DEJOY, UNITED STATES POSTAL SERVICE, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent) (zmd) (Entered: 08/20/2020) |
| 08/20/2020 | 4 | | NOTICE of Appearance by Samuel Spital on behalf of NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Spital, Samuel) (Entered: 08/20/2020) |
| 08/25/2020 | 5 | | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 20–2340. (Zieve, Allison) (Entered: 08/25/2020) |
| 08/25/2020 | 6 | | NOTICE OF RELATED CASE by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. Case related to Case No. 20–2262. (Zieve, Allison) (Entered: 08/25/2020) |
| 09/01/2020 | 7 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 8/27/2020. Answer due for ALL FEDERAL DEFENDANTS by 10/26/2020. (Zieve, Allison) (Entered: 09/01/2020) |
| 09/01/2020 | 8 | | MOTION for Preliminary Injunction by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Memorandum in Support, # 2 Declaration Declaration of Carmen Watkins, # 3 Declaration Declaration of Earl Graham, # 4 Text of Proposed Order, # 5 Certificate of Service)(Zieve, Allison) (Entered: 09/01/2020) |
| 09/01/2020 | 9 | | NOTICE of Appearance by Joseph Evan Borson on behalf of UNITED STATES POSTAL SERVICE (Borson, Joseph) (Entered: 09/01/2020) |
| 09/01/2020 | 10 | | Case directly reassigned to Judge Emmet G. Sullivan as related. Judge Tanya S. Chutkan is no longer assigned to the case. (ztnr) (Entered: 09/01/2020) |
| 09/01/2020 | | | MINUTE ORDER. The Court, sua sponte, directs the parties to show cause why this action should not be consolidated as related with Richardson v. Trump, 20–2262; State of New York v. Trump, 20–2340; and Vote Forward v. DeJoy, 20–2405 by no later than September 4, 2020 at 12:00 PM. See Fed. R. Civ. P. 42(a) (permitting the court to consolidate actions "involv[ing] a common question of law or fact"); Local Civ. R. 40.5(a)(3) (defining related civil actions). Signed by Judge Emmet G. Sullivan on 9/1/2020. (lcegs3) (Entered: 09/01/2020) |
| 09/01/2020 | | | MINUTE ORDER. In view of 8 motion for preliminary injunction, the parties shall file a joint status report by no later than September 8, 2020 at 12:00 PM with recommendations for further proceedings, including, inter alia, (1) whether the National Association for the Advancement of Colored People's ("NAACP") motion for a preliminary injunction should be consolidated with the merits under Federal Rule of Civil Procedure 65; and (2) recommendations for further proceedings including, if necessary, a briefing schedule for NAACP's motion for a preliminary injunction. Signed by Judge Emmet G. Sullivan on 9/1/2020. (lcegs3) (Entered: 09/01/2020) |
| 09/02/2020 | | | Set/Reset Deadlines: Joint Status Report due no later than 12:00PM on 9/8/2020. (mac) (Entered: 09/02/2020) |

| Date | No. | | Description |
|---|---|---|---|
| 09/02/2020 | | | Set/Reset Deadlines: Parties Show Cause due no later than 12:00PM on 9/4/2020. (mac) (Entered: 09/02/2020) |
| 09/04/2020 | 11 | | RESPONSE TO ORDER TO SHOW CAUSE by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE re Order,, *to show cause why this action should not be consolidated* filed by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Zieve, Allison) (Entered: 09/04/2020) |
| 09/04/2020 | 12 | | NOTICE of Appearance by Kuntal Virendra Cholera on behalf of All Defendants (Cholera, Kuntal) (Main Document 12 replaced on 9/4/2020) (zjf). (Entered: 09/04/2020) |
| 09/04/2020 | 13 | | RESPONSE TO ORDER TO SHOW CAUSE by LOUIS DEJOY, UNITED STATES POSTAL SERVICE re Order,, filed by LOUIS DEJOY, UNITED STATES POSTAL SERVICE. (Cholera, Kuntal) (Entered: 09/04/2020) |
| 09/04/2020 | 14 | | STANDING ORDER: The parties are directed to read the attached Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan in its entirety upon receipt. The parties are hereby ORDERED to comply with the directives in the attached Standing Order. Signed by Judge Emmet G. Sullivan on 09/04/20. (Attachment: # 1 Exhiibit 1) (mac) (Entered: 09/04/2020) |
| 09/04/2020 | 15 | | Joint MOTION for Protective Order by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Text of Proposed Order)(Borson, Joseph) (Entered: 09/04/2020) |
| 09/05/2020 | | | MINUTE ORDER. It is hereby ORDERED that by September 10, 2020, Plaintiff shall deliver to Chambers three printed courtesy copies of 8 Plaintiff's motion for preliminary injunction. The parties may deliver their courtesy copies via overnight mail or by hand delivery to the Courthouse loading dock located at the corner of 3rd and C Streets, N.W. The courtesy copies must include the headers added by the Case Management/Electronic Case Files (CM/ECF) System and be submitted in binders, three−hole punched, with single−sided pages. All exhibits shall be tabbed and indexed for ease of reference. The parties shall deliver to Chambers three courtesy copies of any future filing, including exhibits, in connection with 8 motion for preliminary injunction. Signed by Judge Emmet G. Sullivan on 9/5/2020. (lcegs3) (Entered: 09/05/2020) |
| 09/05/2020 | | | MINUTE ORDER. In view of 11 and 13 responses to order to show cause, as well as the responses from parties in Richardson v. Trump, 20−2262; State of New York v. Trump, 20−2340; and Vote Forward v. DeJoy, 20−2405, the Court shall not consolidate the cases as related pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5(a)(3). It is ORDERED that the parties shall coordinate schedules for discovery purposes to the extent possible. Signed by Judge Emmet G. Sullivan on 9/5/2020. (lcegs3) (Entered: 09/05/2020) |
| 09/05/2020 | 16 | | MINUTE ORDER granting 15 joint motion for entry of a protective order. Signed by Judge Emmet G. Sullivan on 9/5/2020. (lcegs3) (Entered: 09/05/2020) |
| 09/08/2020 | 17 | | Joint STATUS REPORT by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Zieve, Allison) (Entered: |

| | | | |
|---|---|---|---|
| | | | 09/08/2020) |
| 09/08/2020 | 18 | | MOTION for Leave to File *Amici Curiae Brief in Support of Plaintiff* by RICHARD BLUMENTHAL, CORY A. BOOKER, SHERROD BROWN, TOM CARPER, MAZIE K. HIRONO, AMY KLOBUCHAR, EDWARD J. MARKEY, Jeffrey A. Merkley, JACK REED, BERNARD SANDERS, JEANNE SHAHEEN, ELIZABETH WARREN, SHELDON WHITEHOUSE, RON WYDEN (Attachments: # 1 Exhibit Proposed Brief of Members of Congress as Amici Curiae in Support of Plaintiff, # 2 Text of Proposed Order)(Gorod, Brianne) (Entered: 09/08/2020) |
| 09/09/2020 | | | MINUTE ORDER. In view of 17 joint status report, the parties shall adhere to the following briefing schedule on 8 Plaintiff's motion for preliminary injunction: (1) Defendants shall file their opposition by September 11, 2020 at 12:00 PM; and (2) Plaintiff shall file its reply by no later than September 16, 2020. Signed by Judge Emmet G. Sullivan on 9/9/2020. (lcegs3) (Entered: 09/09/2020) |
| 09/09/2020 | | | MINUTE ORDER granting 18 motion for leave to file amici curiae brief by MEMBERS OF CONGRESS. Signed by Judge Emmet G. Sullivan on 9/9/2020. (lcegs3) (Entered: 09/09/2020) |
| 09/09/2020 | 22 | | AMICUS BRIEF by RICHARD BLUMENTHAL, CORY A. BOOKER, SHERROD BROWN, TOM CARPER, MAZIE K. HIRONO, AMY KLOBUCHAR, EDWARD J. MARKEY, JEFFREY A. MERKLEY, JACK REED, BERNARD SANDERS, JEANNE SHAHEEN, ELIZABETH WARREN, SHELDON WHITEHOUSE, RON WYDEN. (zjf) (Entered: 09/13/2020) |
| 09/10/2020 | | | Set/Reset Deadlines: Defendants Opposition due no later than 12:00PM on 9/11/2020. Plaintiff Reply due by 9/16/2020. (mac) (Entered: 09/10/2020) |
| 09/10/2020 | 19 | | NOTICE of Appearance by Douglas N. Letter on behalf of UNITED STATES HOUSE OF REPRESENTATIVES (Letter, Douglas) (Entered: 09/10/2020) |
| 09/10/2020 | 20 | | Unopposed MOTION for Leave to File *Amicus Curiae Brief in Support of Plaintiff* by UNITED STATES HOUSE OF REPRESENTATIVES (Attachments: # 1 Exhibit Proposed Brief of U.S. House of Representatives as Amicus Curiae in Support of Plaintiff, # 2 Text of Proposed Order)(Letter, Douglas) (Entered: 09/10/2020) |
| 09/11/2020 | 21 | | Memorandum in opposition to re 8 MOTION for Preliminary Injunction filed by LOUIS DEJOY, UNITED STATES POSTAL SERVICE. (Attachments: # 1 Exhibit 1–15, # 2 Declaration (Barber, Citron, Curtis), # 3 Declaration (Colin, Couch, DeChambeau, Glass, Prokity, Vo), # 4 Text of Proposed Order)(Borson, Joseph) (Entered: 09/11/2020) |
| 09/15/2020 | 23 | | Consent MOTION for Leave to File *Supplemental Declarations in Support of Motion for a Preliminary Injunction* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Text of Proposed Order)(Zieve, Allison) (Entered: 09/15/2020) |
| 09/15/2020 | 24 | | Unopposed MOTION for Leave to File *Supplemental Declarations* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Declaration Cintron (Supp.), # 2 Declaration Curtis (Supp.), # 3 Text of |

| | | | |
|---|---|---|---|
| | | | Proposed Order)(Borson, Joseph) (Entered: 09/15/2020) |
| 09/16/2020 | | | MINUTE ORDER granting 24 unopposed motion to file supplemental declarations. Signed by Judge Emmet G. Sullivan on 9/16/2020. (lcegs3) (Entered: 09/16/2020) |
| 09/16/2020 | | | MINUTE ORDER granting 23 unopposed motion to file supplemental declarations. Signed by Judge Emmet G. Sullivan on 9/16/2020. (lcegs3) (Entered: 09/16/2020) |
| 09/16/2020 | 25 | | REPLY to opposition to motion re 8 MOTION for Preliminary Injunction filed by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Attachments: # 1 Declaration of Allison Zieve, # 2 Declaration (Second) of Earl Graham)(Zieve, Allison) (Entered: 09/16/2020) |
| 09/18/2020 | 26 | | NOTICE OF SUPPLEMENTAL AUTHORITY by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Zieve, Allison) (Entered: 09/18/2020) |
| 09/22/2020 | 27 | | NOTICE OF SUPPLEMENTAL AUTHORITY by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Zieve, Allison) (Entered: 09/22/2020) |
| 09/22/2020 | | | MINUTE ORDER granting 20 motion for leave to file amicus curiae brief in support of Plaintiff by UNITED STATES HOUSE OF REPRESENTATIVES. Signed by Judge Emmet G. Sullivan on 9/22/2020. (lcegs3) (Entered: 09/22/2020) |
| 09/22/2020 | 28 | | AMICUS BRIEF by UNITED STATES HOUSE OF REPRESENTATIVES. (zjf) (Entered: 09/25/2020) |
| 09/27/2020 | 29 | | NOTICE of Supplemental Materials by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit A – Supplemental Operating Instructions, # 2 Exhibit B – Stand–Up Talk, # 3 Exhibit C – Additional Election–Mail Resources)(Borson, Joseph) (Entered: 09/27/2020) |
| 09/30/2020 | 30 | | NOTICE OF SUPPLEMENTAL AUTHORITY by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Zieve, Allison) (Entered: 09/30/2020) |
| 10/10/2020 | 31 | | ORDER granting 8 Motion for Preliminary Injunction. Signed by Judge Emmet G. Sullivan on 10/10/2020. (lcegs1) (Entered: 10/10/2020) |
| 10/10/2020 | 32 | | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 10/10/2020. (lcegs1) (Entered: 10/10/2020) |
| 10/22/2020 | 33 | | NOTICE of Appearance by John Robinson on behalf of All Defendants (Robinson, John) (Entered: 10/22/2020) |
| 10/22/2020 | 34 | | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 10/22/2020) |
| 10/22/2020 | 35 | | Emergency MOTION to Enforce And Monitor Compliance with Preliminary Injunction by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit Index, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, |

| | | |
|---|---|---|
| | | # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K)(Spital, Samuel). Added MOTION to Expedite on 10/23/2020 (znmw). (Entered: 10/22/2020) |
| 10/22/2020 | | MINUTE ORDER granting 34 unopposed motion for extension of time to file answer. Defendants shall answer or otherwise respond to Plaintiffs' Complaint by no later than December 10, 2020. Signed by Judge Emmet G. Sullivan on 10/22/2020. (lcegs3) (Entered: 10/22/2020) |
| 10/22/2020 | | MINUTE ORDER. In view of 35 emergency motion to enforce and monitor compliance with preliminary injunction, Defendants are directed to file their response to the motion by no later than October 23, 2020 at 3:00 PM. Signed by Judge Emmet G. Sullivan on 10/22/2020. (lcegs3) (Entered: 10/22/2020) |
| 10/22/2020 | | Set/Reset Deadlines: Defendant Answer Or Otherwise Response To The Complaint due by 10/10/2020, Defendants Response To The Motion due no later than 3:00PM on 10/23/2020 (mac) (Entered: 10/22/2020) |
| 10/23/2020 | 36 | Memorandum in opposition to re 35 Emergency MOTION to Enforce *And Monitor Compliance with Preliminary Injunction* MOTION to Expedite filed by LOUIS DEJOY, UNITED STATES POSTAL SERVICE. (Attachments: # 1 Exhibit A – I)(Borson, Joseph) (Entered: 10/23/2020) |
| 10/23/2020 | | MINUTE ORDER. In view of 36 opposition to the emergency motion to enforce and monitor compliance with the preliminary injunction, Plaintiff shall file its reply by no later than October 26, 2020 at 12:00 PM. It is FURTHER ORDERED that a motion hearing is scheduled for October 27, 2020 at 11:00 AM via VIDEO TELECONFERENCE (VTC). The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. Signed by Judge Emmet G. Sullivan on 10/23/2020. (lcegs3) (Entered: 10/23/2020) |
| 10/26/2020 | | Set/Reset Deadlines/Hearings: Motion Hearing set for 10/27/2020 at 11:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. Plaintiffs Reply due no later than 12:00PM on 10/27/20 (mac) (Entered: 10/26/2020) |
| 10/26/2020 | 37 | REPLY to opposition to motion re 35 Emergency MOTION to Enforce *And Monitor Compliance with Preliminary Injunction* MOTION to Expedite filed by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Zieve, Allison) (Entered: 10/26/2020) |
| 10/26/2020 | | MINUTE ORDER. In view of 37 Plaintiff's reply brief, in which Plaintiff requests for the first time that the Court order Defendants to take certain additional actions to comply with the Court's Order, ECF No. 31, Plaintiff shall file a revised proposed order by no later than October 27, 2020 at 8:00 AM setting out the precise relief it seeks. Signed by Judge Emmet G. Sullivan on 10/26/2020. (lcegs3) (Entered: 10/26/2020) |
| 10/26/2020 | 38 | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE re Order, (Spital, Samuel) (Entered: 10/26/2020) |
| 10/27/2020 | | Set/Reset Deadlines: Plaintiffs Revised Proposed Order due no later than 8:00AM on 10/27/20. (mac) (Entered: 10/27/2020) |
| 10/27/2020 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Motion Hearing held on 10/27/2020. Until Further Notice, The Court Will Have A |

| | | | |
|---|---|---|---|
| | | | Daily Hearing at 3:00PM. Proposed Revised Or Competing Order due no later than 2:30PM on 10/27/2020. Hearing is set for 10/28/2020 at 3:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter SARA WICK.) (mac) (Entered: 10/27/2020) |
| 10/27/2020 | 39 | | NOTICE of Proposed Order *(Joint)* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE re Motion Hearing,, Set Deadlines/Hearings, (Borson, Joseph) (Entered: 10/27/2020) |
| 10/27/2020 | | | MINUTE ORDER granting 35 emergency motion to enforce and monitor compliance with preliminary injunction. It is hereby ORDERED that by no later than 9:00 AM on October 28, 2020, Defendants shall issue a one–page notice to Area Vice Presidents, Managers of Operations Support, and any other United States Postal Service ("USPS") personnel who were previously informed about the guidelines issued on July 14, 2020, by USPS Vice President of Logistics, Robert Cintron, regarding the use of late and extra trips: (1) "The guidelines issued on July 14, 2020, by USPS Vice President of Logistics, Robert Cintron, regarding the use of late and extra trips are rescinded;" and (2) "USPS personnel are instructed to perform late and extra trips to the maximum extent necessary to increase on–time mail deliveries, particularly for Election Mail. To be clear, late and extra trips should be performed to the same or greater degree than they were performed prior to July 2020 when doing so would increase on–time mail deliveries. Any prior communication that is inconsistent with this instruction should be disregarded." It is FURTHER ORDERED that by no later than 9:00 AM on October 29, 2020, Defendants shall issue a one–page notice to, or deliver a Stand–Up Talk to, all USPS personnel who may have job responsibilities related in any way to late and extra trips, stating that: "Late and extra trips will be approved to the maximum extent necessary to increase on–time mail deliveries, particularly for Election Mail. Any prior communication that is inconsistent with this should be disregarded. To be clear, late and extra trips will be approved to the same or greater degree than they were performed prior to July 2020 when doing so would increase on–time mail deliveries." It is FURTHER ORDERED that by no later than 9:00 AM on October 29, 2020, Defendants shall distribute, in the same form and to the same individuals who were previously advised about the need to "ensure that completed ballots reach the appropriate election official by the state's designated deadline," a list of state–specific statutory ballot receipt deadlines, so that USPS managers and employees can implement the Election Mail guidance that Defendants have recently issued. The parties shall confer and agree on the form and substance of the list. It is FURTHER ORDERED that beginning October 28, 2020 and until further order of the Court, Defendants shall file with the Court by 10:00 AM each day: (1) updated data on the number of extra and late trips performed the preceding day, at the Nation, Area, and District level, including any available data that is specific to Election Mail, to the maximum extent feasible; (2) updated data on the percentage of on–time deliveries at the Nation, Area, and District level, including any available data that is specific to Election Mail to the maximum extent feasible; and (3) any other reports generated after the date of this Order and produced to Congress, other courts, or other litigants. It is FURTHER ORDERED that beginning October 28, 2020 and until further order of the Court, the Court schedules a daily status conference at 3:00 PM via VIDEO TELECONFERENCE. The parties shall contact Mr. Mark Coates, the |

| | | |
|---|---|---|
| | | Courtroom Deputy Clerk, for the dial–in information. Signed by Judge Emmet G. Sullivan on 10/27/2020. (lcegs3) (Entered: 10/27/2020) |
| 10/28/2020 | | Set/Reset Deadlines: Defendant Filing due no later than 10:00AM on 10/28/2020. (mac) (Entered: 10/28/2020) |
| 10/28/2020 | 40 | NOTICE *of Data in Response to Court's October 27, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Robinson, John) (Entered: 10/28/2020) |
| 10/28/2020 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 10/28/2020. Defendants Data Filing due no later than 10:00AM on 10/29/2020, Status Conference set for 10/29/2020 at 3:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter ELIZABETH SAINT–LOTH.) ( (mac) (Entered: 10/28/2020) |
| 10/29/2020 | 41 | NOTICE *of Data in Response to the Court's October 27, 2020 Order* by UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Robinson, John) (Entered: 10/29/2020) |
| 10/29/2020 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 10/28/2020. Parties Will File Proposed Order With The Court. Defendants Data Filing due no later than 10:00AM on 10/30/2020, Status Conference set for 10/30/2020 at 5:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 10/29/2020) |
| 10/30/2020 | 42 | NOTICE *of Data in Response to the Court's October 27, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Robinson, John) (Entered: 10/30/2020) |
| 10/30/2020 | 43 | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Zieve, Allison) (Entered: 10/30/2020) |
| 10/30/2020 | | MINUTE ORDER. In view of 43 joint proposed order, it is hereby ORDERED that (1) United States Postal Service (USPS) facilities in the following Districts, whose Election Mail processing scores for completed ballots returned by voters (Inbound Ballots) were below 90 percent for at least two days from October 26 to 28, shall implement the "Delivery" measures outlined in USPS's "Extraordinary Measures Memorandum" dated October 20, 2020 unless the implementation of any of the extraordinary measures, at a district or facility level, would create a significant risk of reducing the timely delivery of Inbound Ballots: Alabama, Alaska, Appalachian, Atlanta, Central Pennsylvania, Colorado/Wyoming, Detroit, Ft. Worth, Greater Indiana, Greater Michigan, Greater S. Carolina, Greensboro, Gulf Atlantic, Kentuckiana, Lakeland, Louisiana, Mid–Carolinas, Mississippi, Northern New England, Oklahoma, Rio Grande, and Triboro. Defendants shall promptly communicate this requirement to the relevant managerial and supervisory personnel within these Districts. (2) It is FURTHER ORDERED that Defendants shall provide Plaintiffs available data from the nationwide survey of "extraordinary measures" being undertaken for Election Mail at USPS facilities, as it becomes available during the day on October 30, 2020. (3) It is FURTHER ORDERED that beginning October 30, 2020 and until further order of the Court, by 3:00 PM each day, Defendants shall file with the Court a document explaining, for |

| | | |
|---|---|---|
| | | each USPS District whose Election Mail processing scores for Inbound Ballots were below 90 percent on each of the previous two days or below 80 percent on the previous day, Defendants' understanding, based on all reasonably available information, of potential explanations for the current level of service and any corrective measures that are now being implemented. (4) It is FURTHER ORDERED that on October 30, 2020, Defendants shall make a USPS representative with expertise in postal operations available to speak with Plaintiffs and at the Conference before the Court to discuss and answer questions about the Postal Service's current plans and processes as they relate to the processing of Election Mail. (5) It is FURTHER ORDERED that beginning October 30, 2020, and until further order of the Court, Defendants shall file with the Court data by 10:00 AM each day (except for October 30, 2020, in which case it shall be filed at the earliest reasonably available time and, in any event, no later than 3:00 PM) data on the absolute number of Inbound Ballots and Outbound Ballots captured in the Election Mail processing scores data produced pursuant to this Court's October 27, 2020 Minute Order. (6) It is FURTHER ORDERED that beginning October 30, 2020, and until further order of the Court, Defendants shall provide to Plaintiffs by 11:00 AM each day native versions of the excel files of service performance data produced pursuant to this Court's October 27, 2020 Minute Order. (7) It is FURTHER ORDERED that at the conference before the Court at 5:00 PM on October 30, 2020, Defendants shall make a USPS representative with expertise in the data processing scores for Election Mail that USPS is producing, including expertise with respect to the data and issues identified in paragraphs 3 through 5 above, available to answer questions from the parties and the Court about the data. This representative shall also be available to describe and answer questions related to: (a) the methodology used to calculate processing scores for "Inbound Ballots," "Outbound Ballots," and "Outbound Non−Ballot Election Mail," as those terms are used in Defendants' submission; and (b) a detailed and specific explanation of those reasons, if any, why Defendants contend those processing scores are unreliable. Signed by Judge Emmet G. Sullivan on 10/30/2020. (lcegs3) (Entered: 10/30/2020) |
| 10/30/2020 | <u>44</u> | NOTICE *of Data in Response to the Court's October 30, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(Robinson, John) (Entered: 10/30/2020) |
| 10/30/2020 | <u>45</u> | NOTICE *of Reports in Response to the Court's October 27, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(Robinson, John) (Entered: 10/30/2020) |
| 10/30/2020 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Evidentiary Hearing held on 10/30/2020. Evidentiary Hearing Will Resume on 10/31/2020 at 10:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 10/31/2020) |
| 10/31/2020 | | MINUTE ORDER. In view of the discussion at the October 30, 2020 status conference regarding allegations of a backlog of Election Mail at a Miami−Dade post office, Defendants shall be prepared to provide an update on the situation during the proceeding on October 31, 2020 at 10:00 AM. Signed by Judge Emmet G. Sullivan on 10/31/2020. (lcegs3) (Entered: 10/31/2020) |
| 10/31/2020 | <u>46</u> | Joint STATUS REPORT by NATIONAL ASSOCIATION FOR THE |

| | | | |
|---|---|---|---|
| | | | ADVANCEMENT OF COLORED PEOPLE. (Zieve, Allison) (Entered: 10/31/2020) |
| 10/31/2020 | 47 | | NOTICE *of Data in Response to Court's Orders of October 27, 2020 and October 30, 2020* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Robinson, John) (Entered: 10/31/2020) |
| 10/31/2020 | 48 | | Joint STATUS REPORT by LOUIS DEJOY, UNITED STATES POSTAL SERVICE. (Borson, Joseph) (Entered: 10/31/2020) |
| 10/31/2020 | | | MINUTE ORDER. In view of 48 joint status report, a status conference is scheduled for October 31, 2020 at 3:00 PM via VIDEO TELECONFERENCE. The parties shall contact Mr. Mark Coates, the Courtroom Deputy Clerk, for the dial–in information. Signed by Judge Emmet G. Sullivan on 10/31/2020. (lcegs3) (Entered: 10/31/2020) |
| 10/31/2020 | 49 | | NOTICE *in Response to the Court's October 30, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 10/31/2020) |
| 10/31/2020 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 10/31/2020. (Court Reporter LISA BANKINS.) (mac) (Entered: 10/31/2020) |
| 10/31/2020 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Evidentiary Hearing held on 10/31/2020. Parties Will Submit A Proposed Order To The Court. Status Conference set for 11/1/2020 at 3:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 10/31/2020) |
| 10/31/2020 | 50 | | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Text of Proposed Order)(Zieve, Allison) (Entered: 10/31/2020) |
| 11/01/2020 | 51 | | NOTICE *in Response to Proposed Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit A)(Cholera, Kuntal) (Entered: 11/01/2020) |
| 11/01/2020 | 52 | | REPLY re 50 Notice of Proposed Order, 51 Notice (Other) filed by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE. (Attachments: # 1 Exhibit Excerpt of transcript, # 2 Text of Proposed Order)(Zieve, Allison) (Entered: 11/01/2020) |
| 11/01/2020 | 53 | | NOTICE of Proposed Order by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B)(Cholera, Kuntal) (Entered: 11/01/2020) |
| 11/01/2020 | 54 | | NOTICE *of Data in Response to the Court's October 27, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Robinson, John) (Entered: 11/01/2020) |
| 11/01/2020 | 55 | | NOTICE *of Data in Response to the Court's October 30, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/01/2020) |

| 11/01/2020 | 56 | | NOTICE *of Hearing Exhibit* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Exhibit)(Spital, Samuel) (Entered: 11/01/2020) |
| --- | --- | --- | --- |
| 11/01/2020 | | | MINUTE ORDER. In view of the revised proposed order included in 50 Plaintiff's reply brief, Plaintiff shall file a redline comparison of its [50−1] original order and [52−2] revised proposed order. Signed by Judge Emmet G. Sullivan on 11/1/2020. (lcegs3) (Entered: 11/01/2020) |
| 11/01/2020 | 57 | | NOTICE of Proposed Order *(Redlined)* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE re 52 Reply to Document (Zieve, Allison) (Entered: 11/01/2020) |
| 11/01/2020 | 58 | | NOTICE *Pursuant to the Court's October 30, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/01/2020) |
| 11/01/2020 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 11/2/2020. Status Conference set for 11/2/2020 at 03:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 11/01/2020) |
| 11/01/2020 | 59 | | NOTICE of Proposed Order *and Redline* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Text of Proposed Order Clean, # 2 Text of Proposed Order Redline, # 3 Exhibit)(Zieve, Allison) (Entered: 11/01/2020) |
| 11/01/2020 | | | MINUTE ORDER. In view of the discussion during the November 1, 2020 status conference, it is hereby ORDERED that beginning November 2, 2020 and continuing until November 4, 2020, Defendants shall file by no later than 5:00 PM each day a status update regarding the situation at the Princeton post office in Miami−Dade County regarding allegations of a backlog of Election Mail. Signed by Judge Emmet G. Sullivan on 11/1/2020. (lcegs3) (Entered: 11/01/2020) |
| 11/01/2020 | 60 | | NOTICE of Proposed Order *and Intent to Confer* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Redline)(Cholera, Kuntal) (Entered: 11/01/2020) |
| 11/01/2020 | | | MINUTE ORDER. In view of 59 Plaintiff's notice of proposed order and 60 Defendants' notice of proposed order and intent to confer, the parties are directed to submit a joint proposed order by no later than 7:30 PM. If the parties are unable to reach an agreement, Defendants shall explain in comments to Plaintiff's proposed order their grounds for disagreement. Signed by Judge Emmet G. Sullivan on 11/1/2020. (lcegs3) (Entered: 11/01/2020) |
| 11/01/2020 | 61 | | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Exhibit)(Spital, Samuel) (Entered: 11/01/2020) |
| 11/01/2020 | 62 | | ORDER. Signed by Judge Emmet G. Sullivan on 11/1/2020. (lcegs3) (Entered: 11/01/2020) |
| 11/02/2020 | 63 | | NOTICE *of Data in Response to the Court's October 27, 2020 and October 30, 2020 Orders* by LOUIS DEJOY, UNITED STATES HOUSE OF REPRESENTATIVES (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit |

| | | | |
|---|---|---|---|
| | | | 3, # 4 Exhibit 4)(Robinson, John) (Entered: 11/02/2020) |
| 11/02/2020 | 64 | | NOTICE *Pursuant to the Court's October 30, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/02/2020) |
| 11/02/2020 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 11/2/2020. Status Conference set for 11/3/2020 at 11:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 11/02/2020) |
| 11/02/2020 | 65 | | NOTICE *of Defendants' Status Update Regarding the Princeton Post Office* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE re Order, (Borson, Joseph) (Entered: 11/02/2020) |
| 11/03/2020 | 66 | | NOTICE *of Data in Response to the Court's October 27, 2020 and October 30, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Robinson, John) (Entered: 11/03/2020) |
| 11/03/2020 | 67 | | MOTION for Order *of Further Relief* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Text of Proposed Order, # 2 Exhibit)(Zieve, Allison) (Entered: 11/03/2020) |
| 11/03/2020 | 68 | | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE re 67 MOTION for Order *of Further Relief* (Zieve, Allison) (Entered: 11/03/2020) |
| 11/03/2020 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 11/3/2020. Status Conference set for 11/4/2020 at 12:00 PM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 11/03/2020) |
| 11/03/2020 | | | MINUTE ORDER granting 67 Motion for Further Relief. It is hereby ORDERED that, beginning no later than 12:30 PM EST today, Defendants shall send Postal Service inspectors or their designees, to processing facilities in the following Districts and direct them to sweep the facilities between 12:30 PM EST and 3:00 PM EST to ensure that no ballots have been held up and that any identified ballots are immediately sent out for delivery: Central Pennsylvania, Philadelphia, Detroit, Colorado/Wyoming, Atlanta, Houston, Alabama, Northern New England, Greater South Carolina, South Florida, Lakeland, and Arizona. Alternatively, Defendants may satisfy this paragraph if inspectors from the USPS Office of Inspector General ("OIG") are available to oversee the sweep of processing facilities described in the previous sentence. No later than 4:30 PM EST today, Defendants shall file a status update certifying compliance with this paragraph upon confirming, in the most efficient manner available, that sweeps were conducted and that no ballots were left behind. To be clear, the inspectors themselves need not provide any certifications to the Court. It is FURTHER ORDERED that by no later than 4:30 PM EST today, Defendants shall identify the 27 processing centers at which the OIG was onsite and the list of facilities that the Postal Inspectors have observed since October 19, 2020, unless OIG raises an objection to the identification of these sites. Signed by Judge Emmet G. Sullivan on 11/3/2020. (lcegs3) (Entered: 11/03/2020) |

| 11/03/2020 | 69 | | NOTICE *Pursuant to the Court's October 30, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/03/2020) |
|---|---|---|---|
| 11/03/2020 | 70 | | STATUS REPORT *Response to Court's Nov. 3, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE. (Borson, Joseph) (Entered: 11/03/2020) |
| 11/03/2020 | 71 | | MOTION for Telephone Conference *(Emergency Motion)* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Spital, Samuel) (Entered: 11/03/2020) |
| 11/03/2020 | 72 | | STATUS REPORT *Regarding Princeton Post Office* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE. (Borson, Joseph) (Entered: 11/03/2020) |
| 11/03/2020 | | | MINUTE ORDER. In view of 70 Defendants' response to the November 3, 2020 Court order, the Court understands that "'all clears' [or facility sweeps] and successful certifications were conducted at all processing plants this morning by 10 am local time" pursuant to this Court's previous orders. The Court further understands that Postal Inspectors are/will be on site at each processing plant between 4:00 PM and 8:00 PM local time today to conduct the "daily review process" designed "to ensure compliance at the critical period before the polls close." The Court understands "compliance" to mean that the Inspectors will at that time identify and refer Election Mail in staging and non–staging areas to facility managers to resolve as expeditiously as possible. Given the timing, the Court is inclined to let this process continue. Accordingly, the Court DENIES 71 Plaintiff's request for an immediate status conference. Defendants shall be prepared to discuss the apparent lack of compliance with the Court's order at the status conference scheduled for 12:00 PM on November 4, 2020. Signed by Judge Emmet G. Sullivan on 11/3/2020. (lcegs3) (Entered: 11/03/2020) |
| 11/04/2020 | 73 | | NOTICE *of Data in Response to the Court's October 27, 2020 and October 30, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Robinson, John) (Entered: 11/04/2020) |
| 11/04/2020 | 74 | | NOTICE *of Further Response to this Court's Nov. 3, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE re Order on Motion for Telephone Conference,,,, (Attachments: # 1 Declaration Brubaker, # 2 Declaration Bray)(Borson, Joseph) (Entered: 11/04/2020) |
| 11/04/2020 | 75 | | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Spital, Samuel) (Entered: 11/04/2020) |
| 11/04/2020 | | | MINUTE ORDER. In view of 75 proposed order, it is hereby ORDERED that (1) by no later than 2:00 PM EST/1:00 PM CST today, Defendants shall contact every plant manager overseeing a processing facility in Texas and direct them to: (a) instruct plant employees to undertake an immediate sweep of the facility to identify any inbound ballots postmarked yesterday or earlier, and have such ballots sent out for delivery to local election offices for receipt by 5:00 PM local time; and (b) instruct plant employees to undertake an additional sweep of the facility at 4:00PM EST/3:00 CST today to identify any |

| | | | inbound ballots postmarked yesterday or earlier, and have such ballots sent for delivery to local election offices for receipt by 5:00 PM local time. These instructions should be communicated both by email and orally. (2) It is FURTHER ORDERED that Defendants shall further instruct plant managers to record the number of ballots they identify during these sweeps and to describe the steps taken to ensure their delivery at local election offices for receipt by 5:00 PM local time. (3) It is FURTHER ORDERED that by no later than 2:00 PM EST/1:00 CST today, Defendants shall send an email to the managers of all post offices in Texas reminding them that any local ballots delivered to the post office yesterday or earlier should bypass the ordinary processing system and sent for delivery to local election offices for receipt by no later than 5:00 PM local time. (4) It is FURTHER ORDERED that by no later than 4:00 PM/3:00 PM EST today, Defendants shall file with the Court a certification that they have complied with paragraphs 1 through 3 above, and they shall summarize the information learned from plant managers as required by paragraph 2 for the first set of sweeps. No later than 10:00 AM tomorrow, Defendants shall file with the Court a summary of the information learned from plant managers as required by paragraph 2 for the second set of sweeps. Signed by Judge Emmet G. Sullivan on 11/4/2020. (lcegs3) (Entered: 11/04/2020) |
| 11/04/2020 | 76 | | NOTICE *of Response to the Court's November 4, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Robinson, John) (Entered: 11/04/2020) |
| 11/04/2020 | 77 | | NOTICE *of Status Update Regarding the Princeton Post Office* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Cholera, Kuntal) (Entered: 11/04/2020) |
| 11/04/2020 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 11/4/2020, Parties Will Submit Proposed Orders. Status Conference set for 11/5/2020 at 11:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 11/04/2020) |
| 11/04/2020 | 78 | | NOTICE *of Summary of Information Learned from Texas Plant Managers* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Robinson, John) (Entered: 11/04/2020) |
| 11/04/2020 | 79 | | NOTICE *of FIling of Hearing Exhibit* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Exhibit)(Zieve, Allison) (Entered: 11/04/2020) |
| 11/04/2020 | | | MINUTE ORDER. In view of the discussion during today's status conference regarding additional data reports and other information Defendants agreed to produce to Plaintiff, it is hereby ORDERED that Defendants shall file on the public docket all data reports and other information produced to Plaintiff until further order of the Court. Signed by Judge Emmet G. Sullivan on 11/4/2020. (lcegs3) (Entered: 11/04/2020) |
| 11/05/2020 | 80 | | NOTICE *of Data in Response to the Court's October 27, 2020 and October 30, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Robinson, John) (Entered: 11/05/2020) |
| 11/05/2020 | 81 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE *of Data and Other Information Produced to Plaintiffs* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23)(Robinson, John) (Entered: 11/05/2020) |
| 11/05/2020 | 82 | | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Spital, Samuel) (Entered: 11/05/2020) |
| 11/05/2020 | 83 | | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Spital, Samuel) (Entered: 11/05/2020) |
| 11/05/2020 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 11/5/2020. Status Conference set for 11/6/2020 at 11:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 11/05/2020) |
| 11/05/2020 | | | MINUTE ORDER. In view of 83 joint proposed order, the parties are DIRECTED to inform the Court by no later than 2:45 pm today whether they agree with the following change the Court understood to have been recommended to paragraph 2.a. during the status conference conducted today: USPS employees of each facility shall be directed to undertake a sweep of the facility on the morning and again on the afternoon of November 6 to identify all inbound ballots. Signed by Judge Emmet G. Sullivan on 11/5/2020. (lcegs3) (Entered: 11/05/2020) |
| 11/05/2020 | | | MINUTE ORDER. In view of 82 joint proposed order, it is hereby ORDERED that all USPS processing facilities that serve a state with an extended ballot receipt deadline shall, until that deadline passes, perform a morning ballot sweep (no later than 10 a.m., local time) and a mid–to–late afternoon ballot sweep that is timed to ensure that any identified local ballots can be delivered that day. Upon completing a sweep, each facility shall report to USPS Headquarters the total number of ballots identified and confirm that those ballots have been expedited for delivery to meet applicable extended state deadlines. Beginning on November 5, 2020, and until further order of the Court, Defendants shall promptly submit to Plaintiffs a single report with the total number of ballots identified through daily sweeps, with one exception: for facilities that are located in states whose ballot receipt deadline is that day, Defendants shall submit the results of those sweeps to Plaintiffs immediately following its receipt of the results of the second sweep at these facilities. Signed by Judge Emmet G. Sullivan on 11/5/2020. (lcegs3) (Entered: 11/05/2020) |
| 11/05/2020 | 84 | | NOTICE *Pursuant to the Court's October 30, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/05/2020) |
| 11/05/2020 | 85 | | NOTICE *Pursuant to the Parties' Joint Proposed Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/05/2020) |

| 11/05/2020 | | | MINUTE ORDER. In view of 83 joint proposed order, it is hereby ORDERED that (1) on November 5, 2020 and November 6, 2020, Defendants shall file before the Court the equivalent information presented in Defendants Summary of Information Learned from Plant Managers (ECF No. 78) for the following United States Postal Service (USPS) districts: Greensboro, Mid–Carolinas, Central Pennsylvania, Western Pennsylvania, and Philadelphia Metropolitan. (2) Plant managers and district managers jointly overseeing USPS facilities in Greensboro, Mid–Carolinas, Central Pennsylvania, Western Pennsylvania, and Philadelphia Metropolitan shall coordinate with all local county Boards of Elections in North Carolina or Pennsylvania (the Local Board) to deliver all ballots to the Local Board before 5:00 PM local time in North Carolina or Pennsylvania on November 6, 2020. Such arrangements shall include, at a minimum, the following: (a) USPS employees of each facility shall be directed to undertake a sweep of the facility on the morning and again on the afternoon of November 6 to identify all inbound ballots; (b) the afternoon sweep should be conducted at a time sufficient for the ballots to be delivered to the Local Board for receipt by 5:00 PM local time on November 6, 2020; and (c) plant managers and district managers may implement a hub–and–spoke plan for each county, to the extent that such plan would assist timely delivery of the ballots to the Local Board. (3) No later than 5:00 PM EST today, Defendants shall file before the Court details of the arrangements adopted pursuant to Paragraph 2 of this Order by each USPS district and, to the extent facilities within each USPS district adopt different plans, by each USPS facility. This Order is subject to reconsideration for good cause shown by no later than November 5, 2020. Signed by Judge Emmet G. Sullivan on 11/5/2020. (lcegs3) (Entered: 11/05/2020) |
| 11/06/2020 | 86 | | NOTICE *of Summary of Information Learned from Plant Managers* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/06/2020) |
| 11/06/2020 | 87 | | NOTICE *of Data in Response to the Court's October 27, 2020 and October 30, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Robinson, John) (Entered: 11/06/2020) |
| 11/06/2020 | | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 11/6/2020. Status Conference set for 11/9/2020 at 11:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 11/06/2020) |
| 11/06/2020 | | | MINUTE ORDER. In view of the discussion during the November 6, 2020 status conference, in which the parties informed the Court that they agree with the Court's change to 83 joint proposed order, the Court hereby VACATES its Minute Order of November 5, 2020 directing the parties to inform the Court of whether they agree with the Court's change. Signed by Judge Emmet G. Sullivan on 11/6/2020. (lcegs3) (Entered: 11/06/2020) |
| 11/06/2020 | 88 | | NOTICE *Pursuant to the Court's October 30, 2020 Order* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/06/2020) |
| 11/06/2020 | 89 | | NOTICE of Proposed Order by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Text of |

| | | | |
|---|---|---|---|
| | | | Proposed Order)(Zieve, Allison) (Entered: 11/06/2020) |
| 11/06/2020 | 90 | | NOTICE of Proposed Order *(Revised)* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Spital, Samuel) (Entered: 11/06/2020) |
| 11/06/2020 | | | MINUTE ORDER. In view of 90 proposed order, it is hereby ORDERED that (1) beginning November 7, 2020, Defendants shall no longer be required to produce daily data on the percentage of on–time deliveries at the Nation, Area, and District level for first class mail and marketing mail, as previously required under the Court's October 27 Order. Instead, Defendants shall produce this data on a weekly basis. (2) It is FURTHER ORDERED that beginning November 7, 2020, Defendants shall no longer be required to produce the following data: (a) Daily data on the percentage of on–time deliveries at the Nation, Area, and District level, for Outbound Ballots and Non–Ballot Election Mail, as previously required under the Courts October 27 Order. Defendants shall continue to produce this data for Inbound Ballots. (b) Daily data on Outbound Ballots and Non–Ballot Election Mail that has received an origination processing scan but does not have a destination processing scan, at the Nation, Area, and District level, as previously required under the Court's Oral Ruling in the October 31 Hearing. Defendants shall continue to produce this data for Inbound Ballots. (c) A document explaining, for each USPS District whose Election Mail processing scores for Inbound Ballots were below 90 percent on each of the previous two days or below 80 percent on the previous day, Defendants' understanding, based on all reasonably available information, of potential explanations for the current level of service and any corrective measures that are now being implemented, as previously required under the Court's October 30 Order. (d) Any other reports generated and produced to Congress, other courts, or litigants, as previously required under the Court's October 27 Order. (3) It is FURTHER ORDERED that beginning November 7, 2020 and, until further order of the Court, Defendants shall include, in the daily report on Inbound Ballot processing scores, information sufficient to show the absolute number Inbound Ballots covered by the processing score for a given District for ballots originating from the District and for ballots destined to the District. Defendants shall include this data retroactive to November 4. (4) It is FURTHER ORDERED that plant managers and district managers jointly overseeing USPS processing facilities that serve Alaska, Illinois, Iowa, Maryland, Mississippi, North Dakota, Ohio, and West Virginia shall coordinate with all local Boards of Elections (the "Local Boards") in those states to deliver all ballots to the Local Boards before the relevant extended state ballot receipt deadline. Such arrangements shall include, at a minimum, the following: (a) USPS employees of each processing facility shall be directed to undertake a sweep of the facility on the morning and again on the afternoon of each day between now and the relevant state ballot receipt deadline to identify all inbound ballots. (b) The afternoon sweep on the day of the relevant state ballot receipt deadline should be conducted at a time sufficient to enable delivery of all ballots identified during the sweep to the Local Board for receipt by the deadline. (c) Plant managers and district managers may implement a hub–and–spoke plan for each county, to the extent that such plan would assist timely delivery of the ballots to the Local Board. (5) It is FURTHER ORDERED that no later than 5:00 PM EST on November 9, Defendants shall file before the Court details of the arrangements adopted pursuant to Paragraph |

| | | |
|---|---|---|
| | | 4 of this Order by each USPS district and, to the extent facilities within each USPS district adopt different plans, by each USPS facility. Signed by Judge Emmet G. Sullivan on 11/6/2020. (lcegs3) (Entered: 11/06/2020) |
| 11/07/2020 | 91 | NOTICE *of Corrected Summary of Information Learned from Plant Managers on November 5, 2020* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE re 86 Notice (Other) (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/07/2020) |
| 11/07/2020 | 92 | NOTICE *of Summary of Information Learned from Plant Managers on November 6, 2020* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Robinson, John) (Entered: 11/07/2020) |
| 11/07/2020 | 93 | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/07/2020) |
| 11/08/2020 | 94 | NOTICE *of Data in Response to the Court's October 27, 2020, October 20, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/08/2020) |
| 11/09/2020 | 95 | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/09/2020) |
| 11/09/2020 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 11/9/2020. Joint Proposal Of Further Proceedings due no later than 4:00PM on 11/16/2020. Status Conference set for 11/18/2020 at 11:00 AM in Telephonic/VTC before Judge Emmet G. Sullivan. (Court Reporter LISA BANKINS.) (mac) (Entered: 11/09/2020) |
| 11/09/2020 | 96 | NOTICE *of Details of Arrangements with Local Boards of Elections* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1)(Robinson, John) (Entered: 11/09/2020) |
| 11/09/2020 | 97 | NOTICE *of Details of Arrangements with Local Boards of Elections (Corrected)* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1 (corrected))(Robinson, John) (Entered: 11/09/2020) |
| 11/10/2020 | 98 | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/10/2020) |
| 11/10/2020 | 99 | Unopposed MOTION to Stay *data and reporting production obligations for November 11* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Cholera, Kuntal) (Entered: 11/10/2020) |
| 11/12/2020 | 100 | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, |

| | | | |
|---|---|---|---|
| | | | # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/12/2020) |
| 11/13/2020 | 101 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Robinson, John) (Entered: 11/13/2020) |
| 11/13/2020 | | | MINUTE ORDER granting nunc pro tunc 99 unopposed motion to suspend orders requiring data and reporting productions for November 11, 2020. The parties are reminded that under Local Civil Rule 7(c), each motion shall be accompanied by a proposed order. Signed by Judge Emmet G. Sullivan on 11/13/2020. (lcegs3) (Entered: 11/13/2020) |
| 11/14/2020 | 102 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/14/2020) |
| 11/15/2020 | 103 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/15/2020) |
| 11/16/2020 | 104 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/16/2020) |
| 11/16/2020 | 105 | | NOTICE *of Proposal for Remainder of Litigation* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Text of Proposed Order)(Cholera, Kuntal) (Entered: 11/16/2020) |
| 11/16/2020 | 106 | | NOTICE *of Plaintiff's Proposal for Further Proceedings* by NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (Attachments: # 1 Exhibit Exhiit 1, # 2 Text of Proposed Order)(Zieve, Allison) (Entered: 11/16/2020) |
| 11/17/2020 | 107 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/17/2020) |
| 11/17/2020 | | | MINUTE ORDER. In view of the forthcoming Order, the Court hereby cancels the status conference scheduled for November 18, 2020. Signed by Judge Emmet G. Sullivan on 11/17/2020. (lcegs3) (Entered: 11/17/2020) |
| 11/18/2020 | 108 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/18/2020) |
| 11/19/2020 | 109 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/19/2020) |

| | | | |
|---|---|---|---|
| 11/19/2020 | | | MINUTE ORDER. In view of [106] Plaintiffs' proposal for further proceedings and [105] Defendants' proposal for further proceedings, it is hereby ORDERED that Plaintiffs are granted leave to serve discovery requests consistent with the topics outlined in Plaintiffs' Outline of Discovery Topics, attached as Exhibit 1 to [106] proposal for further proceedings. It is FURTHER ORDERED that the parties shall abide by the following discovery schedule: (1) Plaintiffs shall submit document requests and notice depositions by no later than November 27, 2020; and (2) USPS shall produce its responses and objections by no later than December 3, 2020. Signed by Judge Emmet G. Sullivan on 11/19/2020. (lcegs3) (Entered: 11/19/2020) |
| 11/20/2020 | [110] | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # [1] Exhibit 1, # [2] Exhibit 2, # [3] Exhibit 3, # [4] Exhibit 4, # [5] Exhibit 5, # [6] Exhibit 6)(Robinson, John) (Entered: 11/20/2020) |
| 11/20/2020 | | | Set/Reset Deadlines: Plaintiffs Requests And Notice Depositions due by 11/27/2020. USPS Produce Its Responses And Objections due by 12/03/2020. (mac) (Entered: 11/20/2020) |
| 11/20/2020 | [111] | | Unopposed MOTION to Suspend Orders Requiring Data and Reporting Productions for November 21, 2020 and November 22, 2020 by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # [1] Text of Proposed Order)(Robinson, John) (Entered: 11/20/2020) |
| 11/23/2020 | [112] | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # [1] Exhibit 1, # [2] Exhibit 2, # [3] Exhibit 3, # [4] Exhibit 4, # [5] Exhibit 5)(Robinson, John) (Entered: 11/23/2020) |
| 11/23/2020 | | | MINUTE ORDER granting nunc pro tunc [111] unopposed motion to suspend orders requiring data and reporting productions for November 21, 2020 and November 22, 2020. Signed by Judge Emmet G. Sullivan on 11/23/2020. (lcegs3) (Entered: 11/23/2020) |
| 11/24/2020 | [113] | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # [1] Exhibit 1, # [2] Exhibit 2, # [3] Exhibit 3, # [4] Exhibit 4, # [5] Exhibit 5)(Robinson, John) (Entered: 11/24/2020) |
| 11/24/2020 | [114] | | NOTICE *of Data and Other Information Produced to Plaintiffs* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # [1] Exhibit 1, # [2] Exhibit 2, # [3] Exhibit 3, # [4] Exhibit 4, # [5] Exhibit 5, # [6] Exhibit 6, # [7] Exhibit 7, # [8] Exhibit 8, # [9] Exhibit 9, # [10] Exhibit 10, # [11] Exhibit 11, # [12] Exhibit 12, # [13] Exhibit 13, # [14] Exhibit 14, # [15] Exhibit 15, # [16] Exhibit 16, # [17] Exhibit 17, # [18] Exhibit 18, # [19] Exhibit 19, # [20] Exhibit 20, # [21] Exhibit 21, # [22] Exhibit 22, # [23] Exhibit 23, # [24] Exhibit 24, # [25] Exhibit 25, # [26] Exhibit 26, # [27] Exhibit 27, # [28] Exhibit 28, # [29] Exhibit 29, # [30] Exhibit 30, # [31] Exhibit 31, # [32] Exhibit 32, # [33] Exhibit 33, # [34] Exhibit 34, # [35] Exhibit 35, # [36] Exhibit 36, # [37] Exhibit 37, # [38] Exhibit 38, # [39] Exhibit 39, # [40] Exhibit 40, # [41] Exhibit 41)(Robinson, John) (Entered: 11/24/2020) |
| 11/25/2020 | [115] | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES |

| | | | |
|---|---|---|---|
| | | | POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/25/2020) |
| 11/25/2020 | 116 | | Unopposed MOTION to Suspend Orders Requiring Data and Reporting Productions for Thanksgiving and Upcoming Weekends by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 11/25/2020) |
| 11/25/2020 | | | MINUTE ORDER granting 116 unopposed motion to suspend orders requiring data and reporting productions for Thanksgiving and Upcoming Weekends. Signed by Judge Emmet G. Sullivan on 11/25/2020. (lcegs3) (Entered: 11/25/2020) |
| 11/27/2020 | 117 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/27/2020) |
| 11/30/2020 | 118 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 11/30/2020) |
| 12/01/2020 | 119 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 12/01/2020) |
| 12/02/2020 | 120 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 12/02/2020) |
| 12/03/2020 | 121 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020 and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 12/03/2020) |
| 12/04/2020 | 122 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 12/04/2020) |
| 12/07/2020 | 123 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 12/07/2020) |
| 12/08/2020 | 124 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 12/08/2020) |
| 12/08/2020 | 125 | | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 12/08/2020) |

| 12/08/2020 | 126 | | MOTION to Clarify the Court's November 4, 2020 Minute Order re Order, by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Text of Proposed Order)(Robinson, John) (Entered: 12/08/2020) |
| 12/08/2020 | | | MINUTE ORDER granting 125 unopposed motion for extension of time. Defendants shall answer or otherwise respond to the Complaint by no later than January 15, 2021. Signed by Judge Emmet G. Sullivan on 12/8/2020. (lcegs3) (Entered: 12/08/2020) |
| 12/09/2020 | 127 | | NOTICE *of Data in Response to the Court's October 27, 2020, October 30, 2020, and November 6, 2020 Orders* by LOUIS DEJOY, UNITED STATES POSTAL SERVICE (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Robinson, John) (Entered: 12/09/2020) |
| 12/09/2020 | | | Set/Reset Deadlines: Defendant Answer Or Otherwise Response To The Complaint due by 1/16/2021. (mac) (Entered: 12/09/2020) |
| 12/09/2020 | 128 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 31 Order on Motion for Preliminary Injunction, 32 Memorandum & Opinion by UNITED STATES POSTAL SERVICE, LOUIS DEJOY. Fee Status: No Fee Paid. Parties have been notified. (Robinson, John) (Entered: 12/09/2020) |
| 12/09/2020 | | | MINUTE ORDER granting 126 motion to clarify the Court's November 4, 2020 Minute Order. The Court clarifies that its November 4, 2020 Minute Order requires Defendants to file on the public docket only those data reports and other information that Defendants agreed to produce to Plaintiffs during the November 4, 2020 status conference, and not all future discovery. Signed by Judge Emmet G. Sullivan on 12/9/2020. (lcegs3) (Entered: 12/09/2020) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>        Defendants. | Civil Docket No. 20-cv-2295 (EGS) |

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendants, the United States Postal Service and Louis DeJoy, in his official capacity as Postmaster General of the United States Postal Service, appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's October 10, 2020 Order and Memorandum Opinion (Docket Nos. 31 and 32).

Dated: December 9, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

/s/ John Robinson
JOSEPH E. BORSON
KUNTAL CHOLERA
ALEXIS ECHOLS
DENA M. ROTH
JOHN ROBINSON (D.C. Bar No. 1044072)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 616-8489
john.j.robinson@usdoj.gov

*Attorneys for Defendants*

Case 1:20-cv-02295-EGS   Document 35   Filed 10/10/20   Page 28 of 69

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,

          Plaintiff,

v.                                   No. 20-cv-2295(EGS)

UNITED STATES POSTAL SERVICE,
et al.,

          Defendants.
```

## MEMORANDUM OPINION

### I.    Introduction

Plaintiff, the National Association for the Advancement of Colored People ("NAACP") filed this lawsuit against Defendants the United States Postal Service ("USPS" or "Postal Service") and Louis DeJoy ("Mr. DeJoy"), in his official capacity as Postmaster General of the United States, alleging the following claims: (1) Non-statutory review of unlawful agency action for failure to follow the procedures required by 39 U.S.C. § 3661; (2) Non-statutory review of unlawful agency action that is arbitrary, capricious, and not in accordance with 39 U.S.C. § 101(e); (3) Mandamus to enforce 29 U.S.C. § 3991; and (4) Mandamus to enforce 39 U.S.C. § 101(e). Plaintiff seeks a preliminary injunction with regard to their first and second claims. Upon consideration of Plaintiff's motion, the response,

1

and reply thereto, the applicable law, and the entire record, the Court **GRANTS** Plaintiff's motion.

## II.    Background

### A.    Statutory and Regulatory Framework

In the Postal Reorganization Act ("PRA"), Public Law 91-375, 84 Stat. 719 (Aug. 12, 1970), Congress replaced the Post Office Department with the Postal Service as "an independent establishment of the executive branch of the Government of the United States, under the direction of a Board of Governors, with the Postmaster General as its chief executive officer." 39 C.F.R. § 1.1. The PRA establishes that the policy of the USPS includes the mandate to "provide prompt, reliable, and efficient services to patrons in all areas and . . . render postal services to all communities." 39 U.S.C. § 101. The PRA also created an independent oversight body for the USPS, the Postal Rate Commission. 39 U.S.C. § 501. Congress passed the PRA to "[i]nsulate" the management of the USPS "from partisan politics  . . . by having the Postmaster General responsible to the [Postal Rate] Commission, which represents the public interest only, for his conduct of the affairs of the Postal Service." H.R. Rep. No. 91-1104, 3660-61 (1970).

In the Postal Accountability and Enhancement Act ("PAEA"), Pub. L. No. 109-435, 120 Stat. 3198 (Dec. 20, 2006) (codified at 39 U.S.C. § 3600 et seq.), Congress replaced the Postal Rate

2

Commission with the Postal Regulatory Commission ("PRC" or "Commission") and "strengthened its role." *Carlson v. Postal Regul. Comm'n*, 938 F.3d 337, 340 (D.C. Cir. 2019).

The USPS is responsible for "develop[ing] and promot[ing] adequate and efficient postal services." 39 U.S.C. § 3661(a). "When the Postal Service determines that there should be a change in the nature of postal services [that] will generally affect service on a nationwide or substantially nationwide basis," it must "submit a proposal, within a reasonable time prior to the effective date of such proposal, to the Postal Regulatory Commission requesting an advisory opinion on the change." *Id*. § 3661(b).

Following the submission of a proposal, "[t]he Commission shall not issue its opinion on any proposal until an opportunity for hearing on the record under [the Administrative Procedure Act] has been accorded the Postal Service, users of the mail, and an officer of the Commission who shall be required to represent the interests of the general public. The opinion shall be in writing and shall include a certification by each Commissioner agreeing with the opinion that in his judgment the opinion conforms to the policies established under this title." 39 U.S.C. § 3661(c).

### B. Factual Background

#### 1. The COVID-19 Pandemic and Its Impact on Voting in the 2020 Election.[1]

On March 11, 2020, the World Health Organization ("WHO") declared a global pandemic as a result of the spread of COVID-19. *See* Dr. Tedros Adhanom, *WHO Director-General's Opening Remarks at the Media Briefing on COVID-19* (Mar. 11, 2020), https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020. On March 13, 2020, President Donald J. Trump declared a national emergency as a result of the outbreak. Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 18, 2020).

The virus that causes COVID-19 is highly contagious, is believed to spread mostly from person-to-person when people are in within six feet of each other, and may be spread by people who are not showing symptoms of the virus. *See* Centers for Disease Control, *Coronavirus Disease 2019 (COVID-19): How to Protect Yourself and Others* (last updated Sep. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-

---

[1] The Court takes judicial notice of documents and information on official government websites. Fed. R. Evid. 201(b)(2); *see also Western Watershed Project v. Bernhardt*, 2020 WL 3402379, * 3 n.4 (D.D.C. June 19, 2020). The Court takes judicial notice of certain information at the World Health Organization website, the Johns Hopkins University website, and the Mayo Clinic website which is "not subject to reasonable dispute" because they are "sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

sick/prevention.html. Symptoms range from mild to severe. *See* Mayo Clinic, *Coronavirus Disease 2019 (COVID-19), Symptoms and Causes* (updated Sep. 11, 2020),

https://www.mayoclinic.org/diseases-conditions/coronavirus/symptoms-causes/syc-20479963. Older people and people with existing chronic medical conditions have a higher risk of serious illness from COVID-19. *Id.* Such chronic medical conditions include "serious heart disease . . . , cancer, chronic obstructive pulmonary disease, type 2 diabetes, severe obesity, chronic kidney disease, sickle cell disease, and weakened immune system from solid organ transplants." *Id.* COVID-19 can result in severe medical complications including "pneumonia and trouble breathing, organ failure in more than one organ, heart problems, acute respiratory distress syndrome, blood clots, acute kidney injury, and additional viral and bacterial infections." *Id.* A disproportionate number of black people have been infected and killed by the disease. The COVID Tracking Project, *The COVID Racial Data Tracker*, https://covidtracking.com/race.

As of October 10, 2020, just over one million people worldwide, and 214,004 Americans have died from COVID-19. *See* Johns Hopkins University, Coronavirus Resource Center, https://coronavirus.jhu.edu/map.html. Also as of October 6, 2020, over 37 million people worldwide have been infected, with

5

the United States having more infections than any other country, with just over seven and a half million infections. *Id*.

In light of the COVID-19 pandemic, the Centers for Disease Control and Prevention ("CDC") has provided guidance to voters and election polling locations to prevent the spread of the disease, including recommending "a wide variety of voting options . . . such as alternative voting options that minimize contact." *See* CDC, *Coronavirus Disease 2019 (COVID-19): Considerations for Election Polling Locations and Voters, Interim Guidance to Prevent Spread of Coronavirus Disease 2019 (COVID-19)* (last updated June 22, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/election-polling-locations.html. Consistent with this guidance, states have enacted temporary changes for the 2020 election including expanding the ability to vote by mail. Nat'l Conference of State Legislatures, COVID-19 and Elections, (last updated Oct. 2, 2020), https://www.ncsl.org/research/elections-and-campaigns/absentee-and-mail-voting-policies-in-effect-for-the-2020-election.aspx.

### 2. USPS Implements Changes that Lead to Nationwide Mail Delays

The key changes that Plaintiff challenges are the prohibition on "late trips" and "extra trips" (collectively

6

33

"Transportation Policy Changes")[2] announced on July 10, 2020.[3]
Reply, ECF No. 25 at 9.[4] Defendants have since clarified that
late or extra trips are not "banned"; however, they acknowledge
that they continue "at a reduced level" that began in July 2020.
Suppl. Cintron Decl., ECF No. 24-3 ¶ 4. By August 13, 2020, the
USPS had reduced the number of late trips by 71 percent. Email
from Mr. DeJoy to All Employees ("August 13, 2020 Email"), Aug.
13, 2020, ECF No. 25-1. Mr. DeJoy acknowledged that the
"transformative initiative has had unintended consequences that
impacted our overall service levels." *Id.* at 2. On September 21,
2020, USPS issued "Operational Instructions" providing that
"transportation, in the form of late or extra trips that are
reasonably necessary to complete timely mail delivery, is not to
be unreasonably restricted or prohibited. Managers are
authorized to use their best business judgment to meet our
service commitments." Ex. 1 to Notice Suppl. Material, ECF No.
29-1 at 4.

---

[2] "Late trips" and "extra trips" have been employed by the USPS
to "complete timely mail delivery." Ex. 1 to Notice Suppl.
Material, ECF No. 29-1 at 4.
[3] Plaintiff originally challenged changes in addition to the
Transportation Policy Changes, *see* Mem. in Supp. of Mot. for
Prelim. Inj. ("Mot."), ECF No. 8-1 at 22-23; but clarified that
they challenge the Transportation Policy Changes, *see* Reply, ECF
No. 25 at 9.
[4] When citing electronic filings throughout this Opinion, the
Court cites to the ECF page number, not the page number of the
filed document.

It is undisputed that the USPS did not seek an advisory opinion pursuant to 39 U.S.C. § 3661(b) from the PRC prior to implementing these changes.

### C.   Procedural Background

Plaintiff filed this lawsuit on August 20, 2020. On September 1, 2020, Plaintiff filed a motion for a preliminary injunction, which requests that the Court enjoin Defendants from enforcing certain USPS policies and practices. *See* Mem. in Supp. of Mot. for Prelim. Inj. ("Mot."), ECF No. 8-1. Defendants filed their opposition on September 11, 2020. *See* Defs.' Opp'n Mot. Prelim. Inj. ("Defs.' Opp'n"), ECF No. 21. Plaintiff filed its reply brief on September 16, 2020. *See* Pls.' Reply ("Reply"), ECF No. 25. The motion is ripe for the Court's consideration.

### III. Standard of Review

"A plaintiff seeking a preliminary injunction must establish [1] that [it] is likely to succeed on the merits, [2] that [it] is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (alteration in original) (quoting *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011)). Where the federal government is the opposing party, the balance of equities and public interest factors merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). A

preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981). In this Circuit, the four factors have typically been evaluated on a "sliding scale," such that if "the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1291–92 (D.C. Cir. 2009).

In the wake of the Supreme Court's decision in *Winter v. Natural Resources Defense Council,* 555 U.S. 7 (2008), "the D.C. Circuit has suggested that a positive showing on all four preliminary injunction factors may be required." *Holmes v. FEC,* 71 F. Supp. 3d 178, 183 n.4 (D.D.C. 2014); *see also Sherley,* 644 F.3d at 393 ("[W]e read *Winter* at least to suggest if not to hold that a likelihood of success is an independent, free-standing requirement for a preliminary injunction.") (quotation marks omitted). Nonetheless, "the Circuit has had no occasion to decide this question because it has not yet encountered a post-*Winter* case where a preliminary injunction motion survived the

9

less rigorous sliding-scale analysis." *ConverDyn v. Moniz,* 68 F. Supp. 3d 34, 46 n.2 (D.D.C. 2014).

## IV. Analysis

Plaintiff argues that it is likely to succeed on the merits of its Section 3661(b) claim because "Congress has mandated that before implementing changes that have a nationwide impact on mail delivery, the Postal Service must provide an opportunity for public comment and seek an advisory opinion from the [PRC]." Mot., ECF No. 8-1 at 13. Plaintiff further argues that in rushing to make the Transportation Policy Changes, "Defendants failed to consider key statutory objectives about reliable mail service and the need to give the highest consideration to delivery [of] important mail, including ballots and checks . . . and failed to consider the adverse impact on timely delivery of medications" which they contend is inconsistent with the mandate set forth in Section 101. *Id.*

Defendants respond that Plaintiff lacks Article III standing, that district courts lack subject matter jurisdiction over Section 3661 claims, that the *ultra vires* doctrine does not provide for judicial review here, and that Plaintiff's claim that defendants' failure to comply with Section 101(e) was arbitrary and capricious cannot be brought. Defs.' Opp'n, ECF No. 21 at 33-38, 39-43, 43-49, 49-51.

10

**A. Plaintiff Is Likely To Succeed On The Merits Of Its 39 U.S.C. § 3661(b) Claim**

**1. Plaintiff Likely Has Standing to Bring this Challenge**

To establish standing, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "These requirements apply whether an organization asserts standing to sue, either on its own behalf, or on behalf of its members." *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378 (1982). "Standing to seek . . . forward-looking injunctive relief requires [Plaintiff] to show [that it] is suffering an ongoing injury or faces immediate injury. For a future injury, that means submitting evidence showing that there is a substantial risk that the harm will recur." *Narragansett Indian Tribal Historic Pres. Office v. FERC*, 949 F.3d 8, 13 (D.C. Cir. 2020) (internal quotation marks, citations, and alterations in original omitted).

"The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561

11

(citations omitted). "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

Defendants argue that Plaintiff fails to demonstrate injury to its members or to itself as an organization. "First, the fact that one of the Plaintiff's members [Mr. Earl Graham, a disabled veteran] allegedly has been harmed by delayed mail in the past does not entitle Plaintiff to standing now, at least when it is seeking forward-looking injunctive relief" because Defendants have provided "evidence that mail delays have been mitigated" and so "there is no basis to conclude that this purported injury is likely to recur." Defs.' Opp'n, ECF No. 21 at 34-35 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 107-108, 1983). However, Mr. Graham has described persisting mail delays. Decl. of Earl Graham,[5] ECF No. 8-3 ¶ 6 ("Before this summer, my mail-order medications would arrive generally a few days after my doctor approved any prescription. Since mid-July, however, my medications have taken much longer to arrive, including sometimes arriving one week or longer after my doctor has

---

[5] Earl Graham is a member of the NAACP.

approved prescriptions."); Second Decl. of Earl Graham, ECF No. 25-2 ¶ 2 ("The delays I discussed have continued since I submitted by August 28, 2020 declaration.); ¶ 3 ("A week [after an August 25, 2020 teleconference appointment with a Veterans Affairs doctor] the medicine approved by my doctor during my August 25, 2020, teleconference appointment still had not arrived. Without the medication, I began experiencing serious pain."); ¶¶ 5-6 (explaining that he was eligible to be sent medication through express mail due to the seriousness of the pain he was experiencing and that he received the medication sent via express mail within two days); ¶ 6 ("By the time the delayed medication arrived, it had been almost two weeks since my August 25, 2020 teleconference appointment."). As Plaintiff has provided evidence of continuing mail delays, Defendants' reliance on *City of L.A.* for the proposition that the alleged injury is unlikely to recur is misplaced. In that case, the Supreme Court observed that "five months had elapsed between [the traffic stop resulting in a chokehold] and the filing of the complaint, yet there was no allegation of further unfortunate encounters between [Mr.] Lyons and the police." *City of Los Angeles*, 461 U.S. at 108. Here, Plaintiff has provided evidence demonstrating that mail delays persist.

As part of this argument, Defendants contend that the Complaint does not allege what exactly caused the mail delays.

13

Defs.' Opp'n, ECF No. 21 at 34-35. However, Defendants' own evidence demonstrates that Mr. DeJoy has acknowledged that the Transportation Policy Changes caused mail delays. *See* Ex. 5, Tr. of Senate Homeland Security and Governmental Affairs Comm. Hr'g on USPS Operations During COVID-19 and the Elections, Aug. 21, 2020, ECF No. 21-1 at 104 (Mr. DeJoy stating that the reduction in late trips resulted in mail delays); *Id*. at 309, (Mr. DeJoy stating that "[w]e are very concerned with the deterioration and service and are working very diligently."); *Id*. at 323 (Mr. DeJoy stating that "[o]ur recovery process is taking too long. This should have been resolved in a couple of—in a few days and it's-it's not."); *Id*. at 350 (Mr. DeJoy stating that "I think there is a lot of different issues going on within the country that are—impact mail delay, including the actions that we took with regard to transportation."); August 13, 2020 Email, ECF No. 25-1 at 4 ("Unfortunately, this transformative initiative has had unintended consequences that impacted our overall service levels.")

Second, Defendants argue that Plaintiff's members' concerns about future mail delays impacting their ability to vote fails to establish standing because future injury must be "certainly impending." Defs.' Opp'n, ECF No. 21 at 35 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2010)). Defendants contend that "the Postal Service has numerous policies and practices

designed to ensure that ballots will be timely delivered before the election," that it is within Plaintiff's members' control to timely mail their ballots, and so their injury is speculative. *Id*. However, Defendants are incorrect to assert that standing to obtain injunctive relief requires the injury to be "certainly impending." Rather, "[s]tanding to seek . . . forward-looking injunctive relief requires [Plaintiff] to show [that it] is suffering an ongoing injury or faces immediate injury. For a future injury, that means submitting evidence showing that there is a substantial risk that the harm will recur." *Narragansett Indian Tribal Historic Pres. Office*, 949 F.3d at 13 (internal quotation marks, citations, and alterations in original omitted). Accordingly, as explained above, Plaintiff has demonstrated that its members face a "substantial risk that the harm will recur" and has demonstrated injury to its members.

Third, Defendants contend that Plaintiff alleges issue advocacy harm, which is insufficient to establish organizational standing. Defs.' Opp'n, ECF No. 21 at 35-37. Plaintiff responds that it has provided evidence demonstrating that because of the impact of the mail delays, it is "diverting resources away from its ordinary voter registration activities, voter protection activities, and education activities designed to promote voter turnout" which pursuant to *League of Women Voters v. Newby*, 838

15

F.3d 1 (D.C. Cir. 2016), constitutes irreparable injury. Reply, ECF No. 25 at 30.

The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") recently articulated the test for determining whether an organization satisfies the "irreparable harm" prong:

> An organization is harmed if the "actions taken by [the defendant] have 'perceptibly impaired' the [organization's] programs." *Fair Emp't Council of Greater Wash., Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1276 (D.C. Cir. 1994) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982)); *see also Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) (explaining that the initial question is whether "a defendant's conduct has made the organization's *activities* more difficult"). If so, the organization must then also show that the defendant's actions "directly conflict with the organization's mission." *Nat'l Treasury Emps. Union*, 101 F.3d at 1430. The second step is required to ensure that organizations cannot engage in activities simply to create an injury. *Id*.

*League of Women Voters*, 838 F.3d at 8. "Irreparable harm" is a higher burden than that necessary to establish Article III standing. *Nat. Res. Def. Council, Inc. v. EPA*, 383 F. Supp. 3d 1, 11 (D.D.C. 2019) ("'an identifiable trifle is enough for standing'") (quoting *United States v. Students Challenging Reg'y Agency Procedures*, 412 U.S. 669, 689 n.14 (1973)).

Plaintiff has provided evidence demonstrating that it "has established a civic engagement program, which is designed to encourage citizens to be fully engaged in the democratic

16

process, and to raise awareness for political, educational, social and economic equality for communities of color in the electoral and legislative process. . . [T]he program seeks to increase turnout among Black voters in federal, state, and local elections." Decl. of Carmen Watkins,[6] ECF No. 8-2 ¶¶ 2, 6. Plaintiff has also demonstrated that Defendants' actions have "made the organization's activities more difficult," *League of Women Voters*, 838 F.3d at 8 (citation omitted); because Plaintiff has explained that needing to address the impact of the mail delays is causing it to "divert[] resources from the regular activities of the NAACP's civil engagement program," which includes "registering voters, contacting registered voters to ensure that they have accurate voting information and encouraging them to vote, organizing events to get out the vote, and conducting voter protection activities during early voting." *Id*. ¶ 11.

Next, Plaintiff must show that "the defendant's actions 'directly conflict with the organization's mission'" in order "to ensure that organizations cannot engage in activities simply to create an injury." *League of Women Voters*, 838 F.3d at 8. Plaintiff's civic engagement program is clearly part of its mission "to ensure the political, educational, social, and

---

[6] Carmen Watkins is the Interim Vice President of Field Operations for the NAACP.

17

44

economic equality of all persons and to eliminate race-based discrimination." Watkins Decl., ECF No. 8-2 ¶ 2. And as stated above, the civic engagement program includes "registering voters, contacting registered voters to ensure that they have accurate voting information and encouraging them to vote, organizing events to get out the vote, and conducting voter protection activities during early voting." *Id.* ¶ 11. Accordingly, Plaintiff has provided evidence demonstrating that to Defendants' actions "directly conflict with [its] mission" because it has needed to divert resources from the civic engagement program to instead "organize transportation for voters to drop off their absentee ballots" in various states. *Id.* ¶¶ 8, 9, 10, 12.

Defendants fail to distinguish *League of Women Voters* in their opposition brief and the authorities they point to support Plaintiff's ability to satisfy "irreparable harm," a higher burden than that necessary to establish Article III standing. Plaintiff has provided evidence that due to mail delays caused by Defendants' action, they have needed in the past and will need in the future to divert resources from their civic engagement program to organize transportation to ensure that votes are counted. This constitutes a "drain on the organization's resources"; not simply a "setback to the organization's abstract social interests." *Nat'l Ass'n of Home*

18

*Builders v. EPA*, 667 F.3d 6, 11 (D.C. Cir. 2011) (quoting *Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1433 (D.C. Cir. 1995)). Similarly, Plaintiff's provision of services through its civic engagement program demonstrates that it does not engage solely in "pure issue-advocacy." *Ctr. for Law & Educ v. Dep't of Educ.*, 396 F.3d 1152, 1162 (D.C. Cir. 2005). Rather, Plaintiff's activities are more akin to those of Housing Opportunities Made Equal ("HOME"), which the Supreme Court held had standing in *Havens Realty Corp. v. Coleman*. In so holding, the Supreme Court stated:

> If, as broadly alleged, petitioner's steering practices have perceptibly impaired HOME's ability to providing counseling and referral services for low-and moderate-income home seekers, there can be no question that the organization has suffered injury in fact. Such concrete and demonstrable injury to the organization's activities–with the consequent drain on the organization's resources—constitutes far more than simply a setback to the organization's abstract social interests.

455 U.S. at 379. Similarly, here Plaintiff has provided evidence demonstrating how mail delays are causing it to divert resources from its usual civic engagement activities, which is distinguishable from the situation in *Int'l Acad. Of Oral Medicine & Toxicology v. FDA*, 195 F. Supp. 3d 243 (D.D.C. 2016), where the Plaintiff failed to explain how the agency action "forced it to divert or modify its activities in any meaningful way from its standard programmatic efforts." *Id.* at 259.

19

For all of these reasons, Plaintiff has provided evidence "showing that there is a substantial risk that the harm will recur." *Narragansett Indian Tribal Historic Pres. Office*, 949 F.3d at 13.

Finally, Defendants argue that "Plaintiff cannot establish causation or redressability because it seeks to enjoin changes that have not occurred." Defs.' Opp'n, ECF No. 38. Specifically, Defendants argue that "the only specific change that was actually implemented was additional guidance on complying with long-established transportation schedules by departing on time and thus mitigating extra trips." *Id*. This, however, is precisely what Plaintiff challenges. Reply, ECF No. 25 at 9, 19-21.

For all of these reasons, Plaintiff has demonstrated that it likely has standing to bring its claims on behalf of its members and itself as an organization.

### 2. This Court Likely Has Subject Matter Jurisdiction Over The Section 3661 Claim

Defendants contend that this court lacks subject matter jurisdiction over "complaints regarding" Section 3661 because such complaints must first be made to the PRC and then to the D.C. Circuit. Defs.' Opp'n, ECF No. 21 at 39. The statutory scheme provides as follows. 39 U.S.C. § 409(a) provides that "[e]xcept as otherwise provided in this title, the United States

district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." One of the exceptions to this original jurisdiction is set forth in 39 U.S.C. § 3662, which provides that "[a]ny interested person . . . who believe[s] the Postal Service is not operating in conformance with the requirements of a provision of . . . this chapter (or regulations promulgated under any of these provisions) may lodge a complaint with the [PRC] . . ." Section 3662(b) requires the PRC to respond to the complaint within 90 days and provides that if a complaint is not timely responded to, a petition for review may be filed with the D.C. Circuit, which also has jurisdiction to review final orders or decisions of the PRC.

Plaintiff's complaint alleges a procedural violation—that the USPS failed to comply with the requirement that "[w]hen the Postal Service determines that there should be a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis, it shall submit a proposal, within a reasonable time prior to the effective date of such proposal, to the Postal Regulatory commission requesting an advisory opinion on the change." 39 U.S.C. § 3661.

Defendants contend that "[c]ourts have repeatedly held that 39 U.S.C. §§ 3662 and 3663 constitute the exclusive jurisdictional remedy for complaints about postal services that

21

fall within the statutory provisions specifically identified in [S]ection 3662." Defs.' Opp'n, ECF No. 21 at 40. However, defendants have provided no mandatory authority to support their assertion that Sections 3662 and 3663 constitute the exclusive jurisdictional remedy for a claim that the USPS has failed to comply with the procedural requirements set forth in Section 3661. Indeed, Plaintiff points out that none of the cases cited by defendants "concerns a failure to follow the procedural requirements of [S]ection 3661" but rather "considered a complaint about Postal Service prices and the manner in which the Postal Service provides delivery services." Reply, ECF No. 25 at 12.

"Whether a statute is intended to preclude initial judicial review is determined by the statute's language, structure, and purpose, its legislative history, and whether the claims can be afforded meaningful review." *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 307 (1994) (internal citation omitted). The language of the statute is broad: "[a]ny interested person . . . who believe[s] the Postal Service is not operating in conformance with the requirements of a provision of  . . . this chapter (or regulations promulgated under any of these provisions) may lodge a complaint with the Postal Regulatory Commission . . ." 39 U.S.C. § 3662. This could certainly be read to mean that the failure of the USPS to comply with the

procedural requirement set forth in Section 3661 would be encompassed by Section 3662. Plaintiff argues that the use of the permissive "may" in Section 3662 coupled with the mandatory phrasing "shall" in Section 3662(c) shows Congress did not intend to limit jurisdiction over Section 3661 claims. *See* Reply, ECF No. 25 at 10. The statute consistently uses the word "may" when setting forth the procedure for filing complaints and for seeking appellate review of the PRC's determination (or failure to make a determination): any interested person "may" lodge a complaint with the PRC, and if the interested person is unsatisfied with the response or does not receive a timely response, they "may" file a petition with the D.C. Circuit. 39 U.S.C. §§ 3662(a), 3663. The use of the permissive "may" coupled with the use of the mandatory "shall" suggests that Sections 3662(a) and 3663 were not intended to be the exclusive avenue for bringing a procedural challenge to the USPS's failure to comply with Section 3661. *See Bennett v. Panama Canal Co.*, 475 F.2d 1280, 1828 (D.C. Cir. 1973) ("[T]he permissive interpretation is conclusively proven to be correct  [together with the particular legislative history] by the fact that when in the same statute Congress intended a mandatory direction it used the auxiliary 'shall' not 'may'-a contrast which is generally significant . . . ."). This interpretation is strengthened because the statute expressly provides that this

Court has original jurisdiction "over all actions brought by or against the Postal Service" unless "otherwise provided in [title 39]." 39 U.S.C. § 409(a).

The availability of judicial review for the USPS's failure to comply with Section 3661 is consistent with the legislative history of the PRA. In the discussion of the section of the PRA that established the "procedures for changes in postal service," the House Committee Report states that "[t]he postal service is—first, last, and always—a public service" and that the PRA "require[s] [Postal Services management] to seek out the needs and desires of its present and potential customers—the American public." H.R. Rep. No. 91-1104 at 3668. The Committee Report describes provisions in the act that "contain[] specific provisions requiring justification and review of changes in service." *Id.*; *see Buchanan v. U.S. Postal Serv.*, 508 F.2d 259, 263 n.6 (5th Cir. 1975) ("[T]he procedures mandated by 3661 are sufficiently elaborate to amount to a significant impediment in the path of the decision-making process of the Postal Service.").

The Court must also consider whether the claim may be reviewed because there is no other meaningful or adequate avenue for judicial review. *See Thunder Basin Coal Co.*, 510 U.S. at 307. District court jurisdiction may not be implicitly precluded based on consideration of the following factors: (1) if "'a

24

finding of preclusion could foreclose all meaningful judicial
review'"; (2) if the claim is "'wholly collateral to a statute's
review provisions'"; and (3) if the claims are "'outside the
agency's expertise'" to discern "whether the particular claims
at issue fall outside an overarching congressional design."[7]
*Jaresky v. SEC*, 803 F.3d 9, 17 (D.D.C. 2015) (quoting *Free
Enter. Fund v. Pub. Company Acct. Oversight Board*, 561 U.S. 477,
489-90 (2010). Mindful of the fact that there is a 90-day window
for the PRC to respond to a complaint brought pursuant to
Section 3661, Defendants contend that it does not matter that
the PRC cannot provide immediate relief because eventual relief
is sufficient as a matter of law. Defs.' Opp'n, ECF No. 21 at 43
n.11. However, the authority upon which Defendants rely is
inapposite. In *American Federation of Government Employees, AFL-
CIO v. Trump*, 929 F.3d 748 (D.D.C. 2019), the court held that
meaningful judicial review was not foreclosed because Plaintiffs
were unable to obtain "pre-implementation review of executive
orders or immediate relief barring all agencies from
implementing the executive orders," *Id*. at 755 (internal
quotation marks omitted); because there the parties agreed to
consolidate their preliminary injunction requests with the

---

[7] Defendants' assertion that the three factors must be met is
incorrect. *See Jaresky v. SEC*, 803 F.3d 9, 17 (D.D.C. 2015).

25

merits, *see* Scheduling Order, Civil Action No. 18-1261, ECF No. 16 at 1.

With regard to the first consideration—whether Plaintiff would be denied meaningful review—it is clear that it would. There is no dispute that the USPS did not comply with Section 3661 in implementing the Transportation Policy Changes, and Plaintiff has provided evidence demonstrating that the changes have resulted in mail delays which cause Plaintiff's members and Plaintiff as an organization harm. *See supra* IV.A.1. Accordingly, even if there was a "fairly discernible" intent in the statutory scheme to preclude district court jurisdiction, requiring Plaintiff to go through the PRC process would deny it meaningful review. *See Berkley v. Mountain Valley Pipeline, LLC*, 896 F.3d 624, 631 (4th Cir. 2018) (noting that "plaintiffs are denied meaningful review when they are subject to some additional and irremediable harm beyond the burdens associated with the dispute resolution process" (internal quotation marks and citations omitted)); *Krescholleck v. S. Stevedoring Co.*, 78 F.3d 868, 875 (3d Cir. 1996) (noting that the plaintiff had "alleged a sufficiently serious irreparable injury to lead us to conclude that the administrative review process is insufficient to afford him full relief"). And persuasive authority holds that this factor is the "most important." *Berkley*, 896 F.3d at 630. Accordingly, this first factor weighs in favor of finding

26

Congress intended district courts to have jurisdiction over claims such as the one brought by Plaintiff. The second consideration–whether the claim is wholly collateral to the statutory scheme—is "'related' to whether 'meaningful judicial review' is available, and the two considerations are analyzed together." *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 929 F.3d 748, 758 (D.C. Cir. 2019) (quoting *Jarskey*, 803 F.3d at 22.) The question to ask is "whether the plaintiffs 'aimed to obtain the same relief they could seek in the agency proceeding.'" *Id.* at 758-60 (quoting *Jarskey*, 803 F.3d at 23). Here, the relief Plaintiff seeks cannot be meaningfully redressed through filing a Section 3662 complaint.

The third consideration is whether the claim is "beyond the expertise" of the PRC. Plaintiff's claim is that the USPS failed to comply with the procedural requirement set forth in Section 3661. This procedural claim does not require the "agency expertise" the statutory procedures contemplate. *Berkley*, 896 F.3d at 630. Accordingly, precluding district court jurisdiction here would completely deny Plaintiff meaningful review given the timing of the implementation of the Transportation Policy Changes.

For all these reasons, the Court likely has subject matter jurisdiction over Plaintiff's Section 3661(b) claim. *See Commonwealth of Pennsylvania v. DeJoy,* Civil Action No. 20-4096,

27

2020 WL 5763553, \*22 (E.D. Pa. Sept. 29, 2020) (stating that "Congressional intent to preclude district courts from hearing claims relating to [S]ection 3661(b) is not fairly discernible from the text, structure, and legislative history of the PRA.").

### 3. Plaintiff's Section 3661(b) Claim Is Likely Reviewable Pursuant To The *Ultra Vires* Doctrine

While as a general matter "the Postal Service is exempt from review under the Administrative Procedure Act, . . . its actions are reviewable to determine whether it has acted in excess of its statutory authority." *N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 858 (D.C. Cir. 2012). "The scope of Non-APA review is narrow . . . [and] is available only to determine whether the agency has acted *ultra vires*—that is whether it has exceeded its statutory authority." *Sears, Roebuck & Co. v. U.S. Postal Serv.*, 844 F.3d 260, 265 (D.C. Cir. 2016) (quotation marks and citations omitted).

Defendants contend that *ultra vires* review is unavailable because: (1) Plaintiff cannot show that USPS acted "in excess of its delegated powers and contrary to a specific prohibition" because they cannot show that USPS violated Section 3661(b); and (2) Plaintiff has a "meaningful and adequate means of vindicating [their] statutory rights" because they can file a complaint with the PRC pursuant to Section 3662. Defs.' Opp'n, ECF No. 21 at 44 (citing *Nat'l Air Traffic Controllers Ass'n*

28

*AFL-CIO v. Fed. Serv. Impasses Panel*, 437 F.3d 1256, 1258 (D.C. Cir. 2006) (internal quotation marks and citations omitted)).

The Court is persuaded that Plaintiff's claim is reviewable:

> "Even where Congress is understood generally to have precluded review, the Supreme Court has found an implicit but narrow exception, closely paralleling the historic origins of judicial review for agency actions in excess of jurisdiction." *Griffith v. FLRA,* 842 F.2d 487, 492 (D.C. Cir. 1988) (citing the leading case, *Leedom v. Kyne,* 358 U.S. 184, 188, 79 S.Ct. 180, 183-84, 3 L. Ed. 2d 210 (1958) (finding judicial review proper despite statutory preclusion of judicial review, where the NLRB acted "in excess of its delegated powers and contrary to a specific prohibition" in the NLRA)).

*Aid Ass'n for Lutherans v. U.S. Postal Service*, 321 F.3d 116, 1172-73 (D.C. Cir. 2003). Plaintiff's claim here is that the USPS failed to comply with the requirement Congress set forth in Section 3661. Accordingly, Plaintiff's claim "clearly admit[s] of judicial review." *Id*. at 1173.

### 4. USPS Likely Failed to Comply with Section 3661(b)

The scope of non-APA review includes, among other things, "a straightforward question of statutory interpretation." *Nat'l Ass'n of Postal Sup'rs v. U.S. Postal Serv.*, 602 F.2d 420, 432 (D.C. Cir. 1979). In conducting this review, "[t]he judicial role is to determine the extent of the agency's delegated authority and then determine whether the agency has acted within

that authority. In this as in other settings, courts owe a measure of deference to the agency's own construction of its organic statute, but the ultimate responsibility for determining the bounds of administrative discretion is judicial." *Id.* at 432-33 (internal citations omitted).

Section 3661(b) provides that "[w]hen the Postal Service determines that there should be a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis, it shall submit a proposal, within a reasonable time prior to the effective date of such proposal, to the Postal Regulatory Commission requesting an advisory opinion on the change."

Persuasive authority has construed Section 3661(b) as follows:

> The language of the statute . . . indicates that three factors must coexist before 3661 applies. First, there must be a 'change.' This implies that a quantitative determination is necessary. There must be some meaningful impact on service. Minor alterations which have a minimal effect on the general class of postal users do not fall within 3661. Second, the change must be 'in the nature of postal services.' This involves a qualitative examination of the manner in which postal services available to the user will be altered. Third, the change must affect service 'on a nationwide or substantially nationwide basis.' A broad geographical area must be involved. These three factors combine to demonstrate that Congress intended the safeguards of 3661 to apply only when changes of significance were contemplated.

*Buchanan v. U.S. Postal Service*, 508 F.2d 259, 263 (5th Cir. 1975).

There is no dispute that the USPS did not comply with Section 3661(b) prior to implementing the Transportation Policy Changes. Defendants argue that the Transportation Policy Changes do not implicate Section 3661(b) because: (1) there has been no "meaningful impact on service;" (2) postal services available to the user have not been altered; and (3) the changes have not affected service in a broad geographical area. Defs.' Opp'n, ECF No. 21 at 46 (quoting and citing *Buchanan* 508 F.2d at 263). In support, Defendants argue that "[t]he only notable change USPS has made has been to renew its emphasis on adhering to its published schedule, including developing written guidance clarifying the circumstances under which extra truck trips were acceptable, in order to mitigate the number of unplanned and unnecessary trips" which is not a "change" that is contemplated in Section 3661. *Id*. at 46-47. Defendants contend that this "is not a new policy but rather has a renewed focus on ensuring the Postal Service complies with its *existing policies*, and that it operates as efficiently as possible." *Id*. Defendants conclude that this is "precisely the type of management direction to which [S]ection 3661 does not apply." *Id*. at 47.

31

The Court is persuaded that Plaintiff is likely to succeed on its claim that Defendants violated Section 3661(b) by failing to submit the Transportation Policy Changes to the PRC. First, it was a "change" because it has had a "meaningful impact on service." *Buchanan*, 508 F.2d at 263. Plaintiff points to evidence showing that the reduction in extra and late trips has resulted in changes to service standards nationwide because it has resulted in nationwide delays. *See supra* at 6-7, 13-14; *see also* August 13, 2020 Email, ECF No. 25-1 at 4 ("We have also reduced extra trips by 71 percent – a tremendous achievement.") Furthermore, Plaintiff has demonstrated that Defendants' position that the Transportation Policy Changes do not constitute a "change" is not supported by the USPS's own statements. *See id.* at 3-4 ("In order to transform . . . we must make a significant number of changes that will not be easy . . . ); *Id.* at 4 ("Unfortunately, this transformative initiative has had unintended consequences that impacted out overall service levels. However, recent changes are not the only contributing factors."); *Id.* ("I ask that you bear with me while we work through these changes to transform for the better . . ."). 

Second, the changes were "in the nature of postal services," 39 U.S.C. § 3661(b) because they qualitatively altered "the manner in which postal services [are] available to the user," *Buchanan*, 508 F.2d at 263. As stated above, Plaintiff

32

points to evidence showing that the reduction in extra and late trips resulted in nationwide delays.

Third, the changes affected service "on a nationwide or substantially nationwide basis," 39 U.S.C. § 3661(b) because "[a] broad geographical area [was] involved," *Buchanan*, 508 F.2d at 263. Defendants' own evidence demonstrates that service was affected on a nation-wide basis. *See* Defs.' Ex. 14, ECF No. 21-1 at 452-53 (Mr. DeJoy stating that the reduction in late and extra trips occurred in "[e]very state a truck moves in").

Defendants contend that pursuant to past practice, the types of "nationwide changes that trigger 3661's review are general changes to postal facility hours or service standards for mail delivery"; and not the type of operational change at issue here. *Id*. at 47-49. However, based on the analysis above, the significant reduction in late and extra trips has resulted in a change to service standards.

While it is clear that Congress did not intend for the courts to micromanage the operations of the USPS, requiring the USPS to comply with the statutory requirement that it obtain an advisory opinion from the PRC and provide for notice and comment prior to implementing "a change in the nature of postal services which will generally affect service on a nationwide or substantially nationwide basis" is not micro-managing; it is requiring the USPS to act within its statutory authority.

33

Furthermore, Congress clearly intended Section 3661 to require an opportunity for public participation and for independent review before the USPS implements service changes that will have a broad effect. The broad scope of the Transportation Policy Changes demonstrates on its face that it is precisely the kind of change that is to be the subject of the public-participation and independent review safeguards provided by Section 3661.

Finally, Defendants argue that because Plaintiff has a "meaningful and adequate means of vindicating their statutory rights" by filing a complaint with the PRC and then seek judicial review in the D.C. Circuit if unsatisfied, they cannot establish *ultra vires* jurisdiction. Defs.' Opp'n, ECF No. 21 at 44. Plaintiff responds—and the Court agrees—that the PRC complaint process, even if it is available for their procedural challenge, would not redress its injury due to the timeframes involved. Reply, ECF No. 25 at 18. Because the Court finds that Plaintiff has shown it will likely succeed on its claim that Defendants' Transportation Policy Changes likely violated 39 U.S.C. § 3661(b), the Court need not evaluate Plaintiff's claim that Defendants acted arbitrarily, capriciously, and contrary to the mandate of Section 101(e) at this time.

## C. Plaintiff Faces Irreparable Harm

"In this Circuit, a litigant seeking a preliminary injunction must satisfy 'a high standard' for irreparable injury." *ConverDyn*, 68 F. Supp. 3d at 46 (quoting *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297). The movant must demonstrate that it faces an injury that is "both certain and great; it must be actual and not theoretical," and of a nature "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (quotation marks and emphasis omitted). Furthermore, an organization faces irreparable harm where (1) the "actions taken by [the defendant] have 'perceptibly impaired' the [organization's] programs," *League of Women Voters v. Newby*, 838 F.3d 1, 8 (D.C. Cir. 2016) (quoting *Fair Emp't Council of Greater Wash.*, 28 F.3d at 1276), and (2) "the defendant's actions 'directly conflict with the organization's mission," *id.* (quoting *Nat'l Treasury Emps. Union*, 101 F.3d at 1430.

With regard to the irreparable harm to its members, Plaintiff argues and submits evidence demonstrating that the "changes that USPS implemented without following the required [S]ection 3661 process have caused delays that harm, and will continue to harm, NAACP members." Mot., ECF No. 8-1 at 38. Defendants counter first, that there is no procedural injury

35

because "Plaintiff cannot state a claim under [S]ection 3661 and thus cannot have suffered any procedural injury as a result of any violation of that statute." Defs.' Opp'n, ECF No. 21 at 52. However, the Court has determined that Defendants likely violated Section 3661(b). *See supra* Section IV.A.4. And a failure to comply with Section 3661(b) is sufficient to show irreparable harm. *See Buchanan*, 375 F. Supp. 1014, 1022 (N.D. Ga. 1974) ("The denial of . . . a [Section 3661] hearing, should one be required, is sufficient irreparable injury to support interlocutory injunctive relief, for it is clear that no hearing will be conducted and that the changes will continue unless enjoined.") *aff'd in relevant part*, 508 F.2d at 266 (stating that the district court "was correct in its determinations that plaintiffs had properly established that there was a substantial threat of irreparable injury"). Second, Defendants counter that "Plaintiff has not identified that its members are likely to suffer any injuries in terms of the potential future delay of their ballots" in light of the USPS's service improvements, noting that all Mr. Graham has to do is "mail[] his ballot a reasonable time before the election (which is approximately two months away)." Defs.' Opp'n, ECF No. 21 at 52. However, Mr. Graham's ability to return his ballot on time is not wholly within his control as the mailing of ballots is a matter of state law. *See supra* Section II.B.1 Furthermore, Plaintiff has

36

demonstrated that mail delays have persisted. *See generally*
Second Decl. of Earl Graham, ECF No. 25-2.

With regard to irreparable harm to Plaintiff as an
organization, Plaintiff argues and submits evidence
demonstrating that "the delays caused by the Postal Service's
changes have harmed, and continue to harm, the NAACP itself by
frustrating its mission and requiring it to divert resources to
counteract the effect of USPS's action." Mot., ECF No. 8-1 at
39-40. Defendants counter that Plaintiff's claimed injury to its
resources fails because "Plaintiff has not established that mail
delays were necessarily the result of the challenged policies,
or that future delays, if there are any, would be the result of
these Postal Service operational changes," Defs.' Opp'n, ECF No.
21; and that in view of the steps USPS has taken to improve
service performance, Plaintiff cannot show that "future harm is
imminent or likely to recur," *id*. at 53. However, the Court has
already determined that Plaintiff as an organization has
demonstrated irreparable harm. *See* supra at 15-20.

Accordingly, both Plaintiff's members and Plaintiff as an
organization face irreparable harm absent a preliminary
injunction.

**D.    The Balance Of Equities And Public Interest Favor An Injunction**

The balance-of-equities factor directs the Court to "'balance the competing claims of injury and . . . consider the effect on each party of the granting or withholding of the requested relief.'" *ConverDyn*, 68 F. Supp. 3d at 52 (quoting *Winter*, 555 U.S. at 24). "When the issuance of a preliminary injunction, while preventing harm to one party, causes injury to the other, this factor does not weigh in favor of granting preliminary injunctive relief." *Id.*; *see also Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1326 (D.C. Cir. 1998). By contrast, the balance of equities may favor a preliminary injunction that serves only "'to preserve the relative positions of the parties until a trial on the merits can be held.'" 64 F. Supp. 3d 195, 205 (D.D.C. 2014) (quoting *Camenisch*, 451 U.S. at 395). "The purpose of . . . interim relief is not to conclusively determine the rights of the parties, *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), but to balance the equities as the litigation moves forward. In awarding a preliminary injunction a court must also 'conside[r] . . . the overall public interest,' *Winter*, 555 U.S. at 26." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017).

Plaintiff argues that, as it explained in its argument that it has standing to bring its claims, without an injunction, "the NAACP and its members will suffer serious and immediate harms that could not be sufficiently remedied later . . . [and that] the Postal Service would not be harmed by an order requiring it to follow the law, and the public interest is served when administrative agencies comply with their statutory obligations," noting that "[t]his point applies fully to procedural obligations imposed by statute." Mot., ECF No. 8-1 at 41-42. Plaintiff also notes that "the public would not be harmed (to the contrary) by the restoration of reliable postal service, providing the timely delivery of medicines and checks and other important mail." *Id.* at 42.

Defendants fail to respond to Plaintiff's arguments, responding only that they are "undertaking extensive efforts to facilitate the timely delivery of Election Mail" and that "Plaintiff's member voters have an opportunity to avoid any harm by mailing in their ballots without delay." Defs.' Opp'n, ECF No. 21 at 54. Defendants also contend that ensuring "full compliance could [inappropriately] require the Court to act as an overseer of the agency's day-to-day activities." *Id.*

The balance of the equities and the public interest favor an injunction. First, Defendants identify no harms to themselves whereas Plaintiff has demonstrated serious, immediate, and

39

recurring harms to its members and to itself as an organization. Defendants' suggestion that an injunction could require the Court to oversee the USPS's "day-to-day activities" is without merit given that the Court will issue a targeted preliminary injunction enjoining the USPS from implementing the Transportation Policy Changes. Second, "there is a substantial public interest 'in having governmental agencies abide by the federal laws that govern their existence and operations.'" *League of Women Voters*, 838 F.3d at 12 (quoting *Washington v. Reno*, 35 F.3d 1093, 1103 (6th Cir. 1994).

## V.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for a preliminary injunction. Any request to stay this decision pending appeal will be denied for substantially the same reasons as those articulated in this Opinion. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**            United States District Judge**
**            October 10, 2020**

40

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,

        Plaintiff,

v.

       No. 20-cv-2295(EGS)

UNITED STATES POSTAL SERVICE,
*et al.*,

        Defendants.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Plaintiff's Motion for Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that a Preliminary Injunction is hereby entered against Defendants; and it is further

**ORDERED** that pursuant to the Order, Defendants are **HEREBY ENJOINED** from enforcing the Transportation Policy Changes; and it is further

**ORDERED** that any request to stay this Order pending appeal will be denied for the reasons stated in the accompanying Memorandum Opinion.

1

Case 1:17-cr-00201-ABJ   Document 325   Filed 10/10/20   Page 2 of 2

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
            **United States District Judge**
            **October 10, 2020**

2