**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, *et al.*, <br><br> Defendants. | Civil Docket No. 20-cv-2295 (EGS) |

<u>**UNOPPOSED MOTION TO MODIFY THE COURT'S**</u>
<u>**OCTOBER 27, 2020, OCTOBER 30, 2020, AND NOVEMBER 6, 2020 ORDERS**</u>

Pursuant to Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to modify its orders, Defendants respectfully request that the Court modify its October 27, 2020, October 30, 2020, and November 6, 2020 orders concerning daily reporting of certain data related to the United States Postal Service's delivery of election mail. Defendants have conferred with Plaintiffs, who agree with this motion and the attached joint proposed order.

As the Court is aware, on October 27, 2020, the Court held a motion hearing on Plaintiffs' motion to enforce and monitor compliance with the preliminary injunction. ECF No. 35. At the hearing, the Court directed the parties to attempt to reach agreement on a proposed order concerning, among other things, daily data that the Postal Service would file related to its processing of election mail. While Defendants maintained that no relief was necessary or appropriate, ECF No. 36, the parties largely reached agreement on a proposed order in the event the Court was inclined to grant relief, ECF No. 39. The Court entered the proposed order. 10/27/2020 Minute Order. With respect to data reporting, the order provided:

> [B]eginning October 28, 2020 and until further order of the Court, Defendants
> shall file with the Court by 10:00 AM each day: (1) updated data on the number

of extra and late trips performed the preceding day, at the Nation, Area, and District level, including any available data that is specific to Election Mail, to the maximum extent feasible; (2) updated data on the percentage of on time-deliveries at the Nation, Area, and District level, including any available data that is specific to Election Mail to the maximum extent feasible; and (3) any other reports generated after the date of this Order and produced to Congress, other courts, or other litigants.

*Id.*

At another hearing on October 29, 2020, Plaintiffs requested that the Court direct Defendants to produce additional daily data related to the Postal Service's processing of election mail. The parties again met and conferred and submitted a proposed order in the event the Court was inclined to grant relief. ECF No. 43. The Court entered the proposed order, which, as to data reporting, provided:

> [B]eginning October 30, 2020, and until further order of the Court, Defendants shall file with the Court data by 10:00 AM each day (except for October 30, 2020, in which case it shall be filed at the earliest reasonably available time and, in any event, no later than 3:00 PM) data on the absolute number of Inbound Ballots and Outbound Ballots captured in the Election Mail processing scores dat96a produced pursuant to this Court's October 27, 2020 Minute Order. (6) It is FURTHER ORDERED that beginning October 30, 2020, and until further order of the Court, Defendants shall provide to Plaintiffs by 11:00 AM each day native versions of the excel files of service performance data produced pursuant to this Court's October 27, 2020 Minute Order.

10/30/2020 Minute Order.

After the November 3 election, Plaintiffs requested that the Court further modify the Postal Service's data-reporting obligations and submitted a proposed order setting forth their requested relief. ECF No. 90. On November 6, 2020, the Court entered the proposed order, which, as to data reporting, provided:

> (1) [B]eginning November 7, 2020, Defendants shall no longer be required to produce daily data on the percentage of on-time deliveries at the Nation, Area, and District level for first class mail and marketing mail, as previously required under the Court's October 27 Order. Instead, Defendants shall produce this data on a weekly basis. (2) It is FURTHER ORDERED that beginning November 7, 2020, Defendants shall no longer be required to produce the following data: (a)

> Daily data on the percentage of on-time deliveries at the Nation, Area, and District level, for Outbound Ballots and Non-Ballot Election Mail, as previously required under the Courts October 27 Order. Defendants shall continue to produce this data for Inbound Ballots. (b) Daily data on Outbound Ballots and Non-Ballot Election Mail that has received an origination processing scan but does not have a destination processing scan, at the Nation, Area, and District level, as previously required under the Court's Oral Ruling in the October 31 Hearing. Defendants shall continue to produce this data for Inbound Ballots. . . . (d) Any other reports generated and produced to Congress, other courts, or litigants, as previously required under the Court's October 27 Order. (3) It is FURTHER ORDERED that beginning November 7, 2020 and, until further order of the Court, Defendants shall include, in the daily report on Inbound Ballot processing scores, information sufficient to show the absolute number Inbound Ballots covered by the processing score for a given District for ballots originating from the District and for ballots destined to the District. Defendants shall include this data retroactive to November 4.

11/6/2020 Minute Order. In accordance with these orders, Defendants have been filing daily data reports since the Court's October 27, 2020 order.

Given that the November 3 election has now passed, the parties have met and conferred to discuss tailoring the Postal Service's ongoing data reporting obligations to the upcoming runoff election in Georgia. As a result of those discussions, the parties have reached agreement on a joint proposed order governing Defendants' data reporting obligations going forward. The parties respectfully request that the Court modify its prior orders concerning data reporting and enter the joint proposed order in lieu of the prior orders. The proposed order provides:

> Beginning December 23, 2020, Defendants shall produce to Plaintiffs the following data on a daily basis: (1) updated data on the number of extra and late trips performed at the Nation, Area, and District level, (2) updated data on the number of extra and late trips performed for those processing centers that serve Georgia, (3) daily data on the volume and percentage of on-time deliveries of inbound and outbound ballots destined for the relevant Georgia Districts (Atlanta, Gulf Atlantic, and Tennessee), and (4) a report that shows, as of 6 AM on the day of the report, the inbound and outbound Georgia ballots that, as of the time of the report, are still being processed and have not yet received a finalization scan.

> Defendants shall produce the data to Plaintiffs by 10 AM each day, except that Defendants need not produce any data on December 25–27 or January 1. Defendants shall produce the data to Plaintiffs but need not file the data on the public docket.

3

Dated:  December 22, 2020       Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

<u>/s/ John Robinson</u>
JOSEPH E. BORSON
KUNTAL CHOLERA
ALEXIS ECHOLS
DENA M. ROTH
JOHN ROBINSON (D.C. Bar No. 1044072)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 616-8489
john.j.robinson@usdoj.gov

*Attorneys for Defendants*