## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,**

Plaintiff,

v.

Case No. 20-cv-2295

**UNITED STATES POSTAL SERVICE, LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service,**

Defendants.

### ANSWER TO COMPLAINT

Defendants United States Postal Service (the "Postal Service") and Louis DeJoy, in his official capacity as Postmaster General of the Postal Service, respectfully submit this Answer to Plaintiff's Complaint.

At the outset, Defendants object to Plaintiff's Complaint to the extent it contains paragraphs which set forth legal argument unnecessary and inappropriate for a complaint. Accordingly, Defendants are unable to admit or deny paragraphs containing such argument. To the extent the Court requires a response to such argument, Defendants respectfully reserve the right to amend this Answer. Subject to the foregoing, in response to the numbered paragraphs of the Complaint, Defendants respond as follows, using the same paragraph numbering as does the Complaint:

1.       This paragraph contains vague and abstract factual characterizations to which no response is required. The second sentence in this paragraph purports to characterize the cited reference material, to which no response is required. To the extent a response is deemed

required, Defendants respectfully refer the Court to the cited reference material for a full and accurate statement of its contents.

2.      The first sentence in this paragraph contains vague and abstract factual characterizations to which no response is required. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

3.      Defendants admit the second sentence. Defendants deny the first, third, and fourth sentences. Defendants further deny that in the months since July 10, 2020 there have been "substantial delays" in mail service across the nation, and lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

4.      This paragraph purports to quote from and characterize letters sent by the Postal Service's General Counsel to certain States, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents.

5.      The first sentence purports to characterize Plaintiff's lawsuit, to which no response is required. The second sentence purports to characterize a statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced statutory provision for a full and accurate statement of its contents. Defendants deny the allegations in the third and fourth sentences. The fifth sentence purports to characterize a statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced statutory provision for a full and accurate statement of its contents. Defendants deny the allegations in the sixth sentence.

6.      This paragraph purports to characterize Plaintiff's lawsuit and the relief sought, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

7.      This paragraph consists of legal conclusions to which no response is required

8.      This paragraph consists of a legal conclusion to which no response is required

9.      Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

10.      Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

11.      Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

12.      Defendants admit that, under 39 U.S.C. § 201, the U.S. Postal Service is an "independent establishment of the executive branch of the Government of the United States."

13.      Admitted.

14.      This paragraph quotes from and purports to characterize the cited regulatory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.

15.      This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

16.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

17.     This paragraph quotes from and purports to characterize the cited statutory provisions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

18.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

19.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

20.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

21.     This paragraph quotes from and purports to characterize the cited regulatory provision, to which no response is required. To the extent a response is deemed required,

Defendants respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.

22.     This paragraph purports to characterize the cited regulatory provisions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulatory provisions for a full and accurate statement of their contents.

23.     The first sentence and the first clause in the second sentence purport to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents. This paragraph fails to define the terms "reasonable time" and "changes regarding the nature of postal services," and so Defendants lack a basis to admit or deny the remaining allegations in the second sentence.

24.     Defendants admit the first sentence. The remainder of this paragraph quotes from and purports to characterize a Postal Regulatory Commission advisory opinion, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited Postal Regulatory Commission advisory opinion for a full and accurate statement of its contents.

25.     The first two sentences purport to characterize a request for an advisory opinion, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced request for a advisory opinion for a full and accurate statement of its contents. The final sentence purports to characterize a Postal Regulatory Commission advisory opinion, to which no response is required. To the extent a response is

deemed required, Defendants respectfully refer the Court to the referenced Postal Regulatory Commission advisory opinion for a full and accurate statement of its contents.

26.     Denied.

27.     This paragraph quotes from and purports to characterize the cited USPS Office of the Inspector General Audit Report, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited USPS Office of the Inspector General Audit Report for a full and accurate statement of its contents.

28.     This paragraph quotes from and purports to characterize the cited USPS Office of the Inspector General Audit Report, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited USPS Office of the Inspector General Audit Report for a full and accurate statement of its contents.

29.     Defendants deny that First Class mail necessarily and universally has a delivery standard of 1-3 days, or that nonprofit marketing mail necessarily and universally has a delivery standard of 3-10 days.

30.     This paragraph quotes from and purports to characterize the cited USPS Office of the Inspector General Audit Report, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited USPS Office of the Inspector General Audit Report for a full and accurate statement of its contents.

31.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

32.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

33.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

34.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

35.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

36.     This paragraph quotes from and purports to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

37.     This paragraph quotes from and purports to characterize the cited source, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

38.     Defendants admit the first sentence, and admit the second sentence insofar as it states that all fifty States allow for some form of mail-in voting. The final sentence purports to characterize the cited source, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and

accurate statement of its contents. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

39.     This paragraph quotes from and purports to characterize the cited online publication, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited online publication for a full and accurate statement of its contents.

40.     Defendants lack sufficient knowledge or information to admit or deny the allegation in this paragraph.

41.     This paragraph purports to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

42.     This paragraph purports to characterize the cited source, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

43.     This paragraph purports to characterize the cited source, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

44.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

45.     This paragraph purports to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

46.     This paragraph purports to characterize the cited source, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

47.     This paragraph purports to characterize the cited source, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

48.     Admitted.

49.     Defendants deny the first sentence. The second sentence of this paragraph fails to specify which "Internal Postal Service documents" it is referencing, and thus Defendants lack a basis to admit or deny the second sentence.

50.     Denied.

51.     Defendants deny that the document referenced in this paragraph was an official circulation from the Postal Service Headquarters or from the Postmaster General. The remainder of this paragraph purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

52.     This paragraph quotes from and purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

53.     This paragraph purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

54.     This paragraph purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

55.     This paragraph purports to characterize the referenced documents, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.

56.     Denied. Specifically, Defendants deny that it instituted any policy "changes," and further deny that any of the initiatives referenced in this paragraph were "significant" or "impact[ful]."

57.     Defendants deny that the document referenced in this paragraph was an official circulation from the Postal Service Headquarters or from the Postmaster General. Further, this paragraph fails to specify what is meant by the terms "widespread" and "substantial," so Defendants lack a basis to either admit or deny that there have been widespread reports as described in this paragraph, and that customers have been experiencing "substantial delays." Additionally, this paragraph purports to characterize the cited source, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.

58.     This paragraph purports to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

59.     This paragraph purports to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

60.     This paragraph purports to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

61.     This paragraph purports to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

62.     This paragraph purports to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

63.     This paragraph quotes from and purports to characterize a Postal Service memorandum, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited Postal Service memorandum for a full and accurate statement of its contents.

64.     Defendants admit that the House of Representatives sent a notice requesting that Mr. DeJoy appear for a hearing on August 21, 2020, but lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

65.     This paragraph quotes from and purports to characterize the cited public statement, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited public statement for a full and accurate statement of its contents.

66.     Defendants admit that, on July 29, 2020, the Postal Service sent letters to election officials in 46 States and the District of Columbia, but deny that the contents of these letters amounted to an announcement of a "change to [the Postal Service's] treatment of election mail."

The remainder of this paragraph quotes from these letters, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents.

67.     This paragraph quotes from the referenced letters to certain election officials, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents.

68.     This paragraph quotes from the referenced letters to certain election officials, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents. Defendants specifically deny that the Postal Service has had a longstanding policy of according first-class treatment to ballots or other election-related materials sent by Marketing Mail, or that the contents of the cited letters amounted to any change in Postal Service policy.

69.     This paragraph purports to characterize both the referenced letters to certain election officials and the cited statutory provisions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters and cited statutory provisions for a full and accurate statement of their contents. Furthermore, this paragraph consists of a legal conclusion, to which no response is r

70.     Defendants deny the first sentence. Defendants deny the second sentence to the extent it claims that the Postal Service has recently instituted any policy change that would require States to pay more for each piece of election mail they send. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in the second sentence.

71.     Defendants deny the first and third sentences. The second sentence quotes from the referenced letters to certain election officials, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents.

72.     Denied.

73.     This paragraph constitutes a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

74.     This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny that any such right of action exists in this case.

75.     Denied.

76.     Denied.

77.     This paragraph constitutes a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

78.     This paragraph constitutes a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

79.     This paragraph constitutes a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

80.     Denied.

81.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

82.     This paragraph consists of a legal conclusion and purports to characterize a statutory provision, to which no response is required. To the extent a response is deemed

required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

83.     This paragraph consists of a legal conclusion and purports to characterize a statutory provision to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

84.     This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

85.     Denied.

86.     This paragraph consists of a legal conclusion and purports to characterize a statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

87.     This paragraph consists of a legal conclusion and purports to characterize a statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of its contents.

88.     This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny this paragraph.

89.     Denied.

The remainder of the Complaint contains a prayer for relief, to which is no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever. To the extent Defendants have not specifically

referenced and addressed any other allegations in the Complaint, including allegations in footnotes or headings, Defendants deny those allegations.

### Defenses

1. The Court lacks Article III jurisdiction over the subject matter of this lawsuit.

2. Plaintiff has failed to state a claim for which relief can be granted.

3. Defendants' alleged actions are consistent with applicable law.

Defendants respectfully reserve the right to plead any and all other defenses that Defendants determine are or may be applicable. Defendants respectfully reserve the right to file an amended answer, if necessary.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court enter judgment dismissing this action for lack of subject-matter jurisdiction or alternatively on its merits, and awarding Defendants costs and such other relief as the Court may deem just and appropriate.

Dated:        January 22, 2021

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director
Federal Programs Branch

*/s/* Kuntal Cholera
KUNTAL V. CHOLERA
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
kuntal.cholera@usdoj.gov

*Attorneys for Defendants*