## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,**

Plaintiff,

v.                                                              Case No. 20-cv-2295

**UNITED STATES POSTAL SERVICE,
LOUIS DEJOY, in his official capacity as
Postmaster General of the United States Postal
Service,**

Defendants.

### ANSWER TO FIRST AMENDED COMPLAINT

Defendants United States Postal Service (the "Postal Service") and Louis DeJoy, in his official capacity as Postmaster General of the Postal Service, respectfully submit this Answer to Plaintiff's First Amended Complaint.

At the outset, Defendants object to Plaintiff's Complaint to the extent it contains paragraphs which set forth legal argument unnecessary and inappropriate for a complaint. Accordingly, Defendants are unable to admit or deny paragraphs containing such argument. To the extent the Court requires a response to such argument, Defendants respectfully reserve the right to amend this Answer. Subject to the foregoing, in response to the numbered paragraphs of the Complaint, Defendants respond as follows, using the same paragraph numbering as does the Complaint:

1.      This paragraph contains vague and abstract factual characterizations to which no response is required. The second sentence in this paragraph purports to characterize the cited reference material, to which no response is required. To the extent a response is deemed

1

required, Defendants respectfully refer the Court to the cited reference material for a full and accurate statement of its contents.

      2.      The first sentence in this paragraph contains vague and abstract factual characterizations to which no response is required. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

      3.      The first sentence in this paragraph contains vague and abstract factual characterizations to which no response is required. Defendants lack sufficient knowledge or information to identify the reference to an alleged USPS recognition as identified in the second sentence, and cannot admit or deny the allegations.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

      4.      Denied.

      5.      Defendants admit the first sentence. Defendants deny the remaining sentences. Defendants further deny that in the months since July 10, 2020, there have been "substantial delays" in mail service across the nation, and lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

      6.      Defendants admit the first sentence, to the extent that USPS officials have recognized the importance of Election Mail, and that USPS employees have taken steps to ensure that late-mailed ballots are accounted for.  Defendants otherwise deny the first sentence. Defendants deny the second sentence.

      7.      This paragraph purports to quote from and characterize letters sent by the Postal Service's General Counsel to certain States, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for

a full and accurate statement of their contents Defendants deny these allegations to the extent

they are inconsistent with the text of the letter.

       8.      Denied.

       9.      With respect to the first clause in this paragraph, Defendants admit that they

issued "Extraordinary Measures" for the November 2020 election, but deny that they did so

"eventually." Defendants deny the second clause in this paragraph.

      10.      Admitted.

      11.      The first sentence purports to characterize Plaintiff's lawsuit, to which no

response is required. The second sentence purports to characterize a statutory provision, to which

no response is required. To the extent a response is deemed required, Defendants respectfully

refer the Court to the referenced statutory provision for a full and accurate statement of its

contents. Defendants deny the allegations in the third and fourth sentences. The fifth sentence

purports to characterize a statutory provision, to which no response is required. To the extent a

response is deemed required, Defendants respectfully refer the Court to the referenced statutory

provision for a full and accurate statement of its contents. Defendants deny the allegations in the

sixth sentence.

      12.      This paragraph purports to characterize Plaintiff's lawsuit and the relief sought, to

which no response is required. To the extent a response is deemed required, Defendants deny

that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

      13.      This paragraph purports to characterize this Court's previous orders, to which no

response is required.  To the extent a response is deemed required, Defendants respectfully refer

the Court to the referenced orders for a full and accurate statement of their contents.

14.     Defendants admit that the United States Postal Service has put forward a proposal, entitled "Delivering for America: Our Vision and Ten-Year Plan to Achieve Financial Sustainability and Service Excellence."  Defendants respectfully refer the Court to this proposal for a full and accurate statement of its contents.  Defendants otherwise deny this paragraph.

15.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, denied.

16.     This paragraph consists of legal conclusions to which no response is required.

17.     This paragraph consists of a legal conclusion to which no response is required.

18.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

19.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

20.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

21.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

22.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

23.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

24.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

25.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

26.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

27.     Defendants admit that, under 39 U.S.C. § 201, the U.S. Postal Service is an "independent establishment of the executive branch of the Government of the United States." Defendants deny that the U.S. Postal Service is an "agency."

28.     Admitted.

29.     This paragraph quotes from and purports to characterize the cited regulatory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.

30.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

31.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

32.     This paragraph quotes from and purports to characterize the cited statutory provisions, to which no response is required. To the extent a response is deemed required,

Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

33.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

34.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

35.     This paragraph quotes from and purports to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

36.     This paragraph quotes from and purports to characterize the cited regulatory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulatory provision for a full and accurate statement of its contents.

37.     This paragraph purports to characterize the cited regulatory provisions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulatory provisions for a full and accurate statement of their contents.

38.    The first sentence and the first clause in the second sentence purport to characterize the cited statutory provision, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents. This paragraph fails to define the terms "reasonable time" and "changes regarding the nature of postal services," and so Defendants lack a basis to admit or deny the remaining allegations in the second sentence.

39.    Defendants admit the first sentence. The remainder of this paragraph quotes from and purports to characterize a Postal Regulatory Commission advisory opinion, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited Postal Regulatory Commission advisory opinion for a full and accurate statement of its contents.

40.    The first two sentences purport to characterize a request for an advisory opinion, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced request for an advisory opinion for a full and accurate statement of its contents. The final sentence purports to characterize a Postal Regulatory Commission advisory opinion, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced Postal Regulatory Commission advisory opinion for a full and accurate statement of its contents.

41.    Defendants admit the first and second sentences. The fifth, sixth, and seventh sentences purport to characterize the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited source for a full and accurate statement of its contents.  Defendants lack sufficient knowledge or information admit or deny the remaining allegations in this paragraph.

42.     The first sentence purports to characterize a statutory provision, to which no response is deemed required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the statutory provision for a full and accurate statement of its contents.  Defendants otherwise deny the allegations made in this paragraph.

43.     Defendants admit that they have taken steps that include using the Express Mail network, creating special procedures for the local delivery of ballots that bypass traditional processing networks, contacting local boards of elections to coordinate deliveries and conducting sweeps of processing facilities to ensure ballots are not left behind.  Defendants otherwise deny the allegations made in this paragraph.

44.     This paragraph purports to characterize two guidance memoranda issued by Defendants in September 2020, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to these memoranda for a full and accurate statement of their contents.  Defendants deny that these memoranda were issued in response to an order in *Jones v. USPS* (S.D.N.Y.).  Defendants otherwise deny the allegations in this paragraph.

45.     This paragraph purports to characterize two guidance memoranda issued by Defendants in October 2020, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to these memoranda for a full and accurate statement of their contents, and deny any characterization inconsistent with the terms of the memoranda. Defendants further deny that the October 20, 2020 memorandum was issued in response to a Court order in *Jones v. USPS* (S.D.N.Y.).

46.     Denied.

47.     This paragraph contains vague and abstract factual characterizations to which no response is required.  If a response is deemed required, Defendants lack sufficient information about which testimony Plaintiffs are referring, and cannot admit or deny the allegations.

48.     This paragraph characterizes and quotes the testimony of Kristin Seaver, Chief Retail and Delivery Officer for USPS, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the transcript of Ms. Seaver's testimony for a full and accurate statement of its contents.

49.     This paragraph characterizes and quotes the testimony of Michael Barber, Vice President of Processing and Maintenance Operation, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the transcript of Mr. Barber's testimony for a full and accurate statement of its contents.

50.     This paragraph characterizes and quotes the testimony of Dane Coleman, the Regional Vice President of Processing Operations, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the transcript of Mr. Coleman's testimony for a full and accurate statement of its contents.

51.     This paragraph characterizes and quotes the testimony of Kevin Bray, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the transcript of Mr. Bray's testimony for a full and accurate statement of its contents.

52.     This paragraph characterizes and quotes the testimony of Kevin Bray, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the transcript of Mr. Bray's testimony for a full and accurate statement of its contents.

53.     This paragraph characterizes and quotes the testimony of Kevin Bray, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the transcript of Mr. Bray's testimony for a full and accurate statement of its contents.

54.     This paragraph characterizes and quotes the testimony of Kevin Bray and Justin Peter Glass, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the transcripts of Mr. Glass and Mr. Bray's testimony for a full and accurate statement of their contents.

55.     This paragraph characterizes this Court's previous orders, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to these orders for a full and accurate statement of their contents.

56.     Denied.

57.     Defendants deny the first sentence in this paragraph.  Defendants admit that the October 13, 2020 memorandum was required by a court order of the Southern District of New York, but otherwise deny the second sentence.

58.     This paragraph characterizes two October 2020 memoranda, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to these memoranda for a full and accurate statement of their contents.

59.     This paragraph characterizes and quotes the testimony of Kristin Seaver, Chief Retail and Delivery Officer for USPS, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the transcript of Ms. Seaver's testimony for a full and accurate statement of its contents.

60.     Defendants deny the first and third sentence.  The second sentence purports to characterize an order of a federal court, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to that order for a full and accurate statement of its contents.

61.     Defendants admit that, on July 29, 2020, the Postal Service sent letters to election officials in 46 States and the District of Columbia, but deny that the contents of these letters amounted to an announcement of a "change to [the Postal Service's] treatment of election mail." The remainder of this paragraph quotes from these letters, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents.

62.     This paragraph quotes from letters sent by the Postal Service on July 29, 2020, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents.

63.     This paragraph quotes from letters sent by the Postal Service on July 29, 2020, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents.  Defendants otherwise deny the allegations in this paragraph.

64.     This paragraph characterizes letters sent by the Postal Service on July 29, 2020, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents. Defendants deny having ignored otherwise failed to follow any applicable legal obligations.

65.     Defendants deny the first and third sentences in this paragraph.  The second sentence characterizes letters sent by the Postal Service on July 29, 2020, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced letters for a full and accurate statement of their contents.

66.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny failing to follow any applicable statutory obligations.

67.     This paragraph characterizes a court order in *Jones v. USPS* (S.D.N.Y.), to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced order for a full and accurate statement of its contents.

68.     Defendants deny the first sentence.  This second sentence characterizes a court order in *Jones v. USPS* (S.D.N.Y.), to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced order for a full and accurate statement of its contents.  The third and fourth sentences characterizes an OIG report, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced report for a full and accurate statement of its contents.

69.     This paragraph constitutes the testimony of Mr. Justin Glass, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced testimony for a full and accurate statement of its contents.

70.     This paragraph constitutes the testimony of Mr. Justin Glass, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced testimony for a full and accurate statement of its contents.

71.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

72.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

73.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

74.     This paragraph characterizes the cited sources, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents.

75.     Admitted.

76.     Defendants deny the first sentence. This paragraph fails to specify which "Internal USPS documents" it is referencing, and thus Defendants cannot admit or deny the second sentence.

77.     Denied. Specifically, Defendants deny that the document referenced in this paragraph was an official circulation from the Postal Service Headquarters or from the Postmaster General. The first three sentences purport to characterize the referenced Postal Service document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited Postal Service document for a full and accurate statement of its contents. Defendants deny that the contents of the referenced Postal

Service circulation represented significant departures from prior practices, but otherwise admit the allegations in the fourth sentence.

78.     Defendants deny that the document referenced in this paragraph was an official document from the Postal Service Headquarters or from the Postmaster General. The remainder of this paragraph purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

79.     Defendants deny that the document referenced in this paragraph was an official circulation from the Postal Service Headquarters or from the Postmaster General. The remainder of this paragraph quotes from and purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

80.     Defendants deny that the document referenced in this paragraph was an official document from the Postal Service Headquarters or from the Postmaster General. The remainder of this paragraph purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

81.     Defendants deny that the document referenced in this paragraph was an official document from the Postal Service Headquarters or from the Postmaster General. This paragraph purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

82.     Defendants deny that the document referenced in this paragraph was an official document from the Postal Service Headquarters or from the Postmaster General. This paragraph purports to characterize the referenced document, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

83.     Defendants deny that it instituted any policy "changes," and further deny that any of the initiatives referenced in this paragraph were "significant" or "impact[ful]." Defendants admit the remaining allegations in this paragraph.

84.     This paragraph fails to specify what is meant by the term "widespread," so Defendants cannot admit or deny that there have been widespread reports as described in this paragraph. Defendants admit the remainder of this paragraph.

85.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

86.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

87.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

88.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

89.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

90.     This paragraph quotes from and purports to characterize a Postal Service memorandum, to which no response is required. To the extent a response is deemed required,

Defendants respectfully refer the Court to the cited Postal Service memorandum for a full and accurate statement of its contents.  Defendants further deny the allegations to the extent the "Pivot" represents a United States Postal Service policy.

91.     Defendants admit that the House of Representatives sent a notice requesting that Mr. DeJoy appear for a hearing on August 21, 2020, but lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

92.     This paragraph quotes from and purports to characterize the cited public statement, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited public statement for a full and accurate statement of its contents.

93.     Defendants deny the first sentence.  The second sentence characterizes the number of late and extra trips, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statistics for a full and accurate statement of their contents.

94.     This paragraph characterizes the number of late and extra trips, to which no response is deemed required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statistics for a full and accurate statement of their contents.

95.     This paragraph characterizes statistics on service scores, to which no response is deemed required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statistics for a full and accurate statement of their contents.

96.     This paragraph characterizes congressional testimony by the Postmaster General, to which no response is deemed required.  To the extent a response is deemed required,

Defendants respectfully refer the Court to the cited testimony for a full and accurate statement of its contents.

97.     This paragraph characterizes congressional testimony by the Postmaster General, to which no response is deemed required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited testimony for a full and accurate statement of its contents.

98.     This paragraph consists of a legal conclusion to which no response is required.

99.     Defendants deny this paragraph to the extent it claims that the Postal Service has instituted any of the alleged referenced Election Mail policy changes. The remainder of this paragraph consists of a legal conclusion to which no response is required.

100.    Denied.

101.    Defendants deny that Plaintiff and its members will suffer irreparable injury if the alleged changes are not declared unlawful. The remainder of this paragraph consists of a legal conclusion to which no response is required.

102.    Defendants deny that the public interest favors entry of a declaration that the alleged changes are unlawful and invalid. The remainder of this paragraph consists of a legal conclusion to which no response is required.

103.    This paragraph consists of a legal conclusion, to which no response is required.

104.    Defendants deny this paragraph to the extent it claims that the Postal Service has instituted any of the referenced Election Mail or transportation policy changes. The remainder of this paragraph consists of a legal conclusion to which no response is required.

105.    This paragraph consists of a legal conclusion, to which no response is required.

106.    This paragraph consists of a legal conclusion, to which no response is required.

107.    This paragraph consists of a legal conclusion, to which no response is required.

108.    This paragraph consists of a legal conclusion, to which no response is required.

109.    This paragraph consists of a legal conclusion, to which no response is required.

110.    This paragraph consists of a legal conclusion, to which no response is required.

111.    Denied.

112.    This paragraph consists of a legal conclusion, to which no response is required.

113.    This paragraph consists of a legal conclusion, to which no response is required.

114.    This paragraph consists of a legal conclusion, to which no response is required.

115.    Denied.

## Defenses

1.  The Court lacks Article III jurisdiction over the subject matter of this lawsuit.

2.  Plaintiff has failed to state a claim for which relief can be granted.

3.  Defendants' alleged actions are consistent with applicable law.

Defendants respectfully reserve the right to plead any and all other defenses that Defendants determine are or may be applicable. Defendants respectfully reserve the right to file an amended answer, if necessary.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants respectfully request that the Court enter judgment dismissing this action for lack of subject-matter jurisdiction or alternatively on its merits, and awarding Defendants costs and such other relief as the Court may deem just and appropriate.

Dated:      April 16, 2021

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director
Federal Programs Branch

*/s/ Joseph E. Borson*
JOSEPH E. BORSON (Va. Bar No. 85519)
KUNTAL CHOLERA
ALEXIS ECHOLS
DENA M. ROTH
JOHN ROBINSON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Joseph.Borson@usdoj.gov

*Attorneys for Defendants*