## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-cv-2295 (EGS) |
| v. | ) ) | |
| UNITED STATES POSTAL SERVICE, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## JOINT LOCAL RULE 16.3 REPORT

This case concerns alleged changes made by defendants U.S. Postal Service and Postmaster General Louis DeJoy (hereafter, USPS) to transportation policy for delivery of mail in the summer of 2020, and to USPS's procedures for the treatment of election mail. Plaintiff National Association for Advancement of Colored People (NAACP) alleges that the changes were unlawfully implemented because, among other things, USPS failed to go through the process set forth in 39 U.S.C. § 3661. On October 10, 2020, the Court granted NAACP's motion for a preliminary injunction, enjoining USPS from enforcing these alleged transportation changes. In addition, the NAACP alleges that USPS has failed to implement procedures necessary to ensure the prompt and reliable delivery of ballots in future elections, including accounting for and prioritizing ballot delivery close to Election Day, as required by USPS's obligation to "give the highest consideration to the requirement for the most expeditious collection, transportation, and delivery of important letter mail." 39 U.S.C. § 101(e).

Pursuant to Local Rule 16.3(d), the parties state as follows with respect to the matters set forth in Rule 16.3(c):

(1) The parties believe that the case is likely to be disposed of by dispositive motion, after the completion of formal discovery and/or the parties' agreement on stipulated facts. A dispositive motion has not yet been filed.

(2) The parties do not expect that other parties shall be joined or that the pleadings will be amended. The parties will cooperate to try to narrow the factual issues; they agree that they are unlikely to agree on or narrow the legal issues.

(3) The parties agree that the case should not be assigned to a magistrate judge for all purposes.

(4) Plaintiff thinks that this case could be settled. Defendants are continuing to explore whether settlement of this case is a realistic possibility.

(5) Plaintiff thinks that the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR). Defendants are continuing to explore whether this case would benefit from ADR.

(6) The parties expect that, if the case cannot be settled, it can be resolved by summary judgment. The parties agree to propose a briefing schedule within seven days after either the close of discovery or the conclusion of the informal exchange of information described below should the parties deem formal discovery to be unnecessary.

(7) The parties agree that they should dispense with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

(8) The parties agree on the following discovery process:

> (a) The parties first intend to informally exchange information in an attempt to narrow, if not eliminate, factual disputes.  The parties expect to complete this

informal process by June 15, 2021, subject to modification or extension by the agreement of the parties.

(b) If factual questions remain after the completion of the informal process described above, Plaintiff intends to propound written discovery, including requests for production of documents. Plaintiffs may also notice depositions. Plaintiff will serve discovery within two weeks of the close of the informal attempt to agree to factual issues described above.  Defendants will respond 30 within days thereafter. Defendants do not currently intend to propound discovery but reserve the right to do so pursuant to the above schedule. In light of the proportionality concerns expressed in Federal Rule of Civil Procedure 26, the extensive discovery and live witness testimony that has already occurred in this and other related cases, and the fact that the dispute in this case is largely legal, Defendants propose the following limitations on formal discovery for both parties: 10 requests for the production of documents; 10 interrogatories; 10 requests for admission; and 3 depositions. Plaintiff disagrees that limitations on discovery should be impose beyond those set forth in the Federal Rules. In particular, Plaintiff disagrees that limitations on discovery in this case can properly be based on discovery taken by other parties in other cases, much of which has not been produced to Plaintiff and which may or may not relate to Plaintiff's claims. The parties expect to complete all discovery by August 15, 2021.

(c) A protective order is in place with respect to some information previously disclosed to Plaintiff, *see* Protective Order, ECF No. 16; the parties will propose an additional protective order as appropriate.

(9) The parties have not identified any issues related to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

(10) As of this date, the parties have not identified any issues related to claims of privilege or of protection as trial-preparation materials. If, at some later point, they determine that a FRE 502 order is appropriate, they will propose such an order as necessary.

(11) The parties agree that the requirement of exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2) need not be modified, and they do not anticipate taking depositions of experts in this case.

(12) The parties agree that this case does not involve a class action and that class action procedures are not applicable in this case.

(13) The parties agree that neither trial, if any, nor discovery should be bifurcated or managed in phases.

(14) The parties agree that, because the case is likely to be resolved on motions for summary judgment, the Court need not set a date for the pretrial conference.

(15) The parties agree that, because the case is likely to be resolved on motions for summary judgment, the Court need not set a trial date.

Dated: May 17, 2021

Respectfully submitted,

/s/ Allison M. Zieve
Allison M. Zieve (DC Bar No. 424786)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC R. WOMACK

Washington, DC 20009
(202) 588-1000

Samuel Spital (D.D.C. Bar No. SS4839)
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

*Counsel for Plaintiff NAACP*

Assistant Director, Federal Programs Branch

/s/ *Joseph E. Borson*
JOSEPH E. BORSON (VA Bar No. 85519)
KUNTAL CHOLERA
ALEXIS ECHOLS
JOHN J. ROBINSON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 514-1944
Joseph.Borson@usdoj.gov

*Counsel for Defendants*