UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-cv-2295 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION OF SETTLEMENT
AND PROPOSED ORDER**

Plaintiff National Association for the Advancement of Colored People (NAACP or Plaintiff) and defendants United States Postal Service and Postmaster General Louis DeJoy, in his official capacity (collectively, Defendants) have now resolved this case, subject to an order of the Court. The parties agree and stipulate as follows:

1. The parties have entered into a Settlement Agreement, a copy of which is attached hereto as Exhibit A.

2. The Court shall have jurisdiction to enforce paragraphs 2, 4, and 5 of the Settlement Agreement, subject to the relevant limitations set out in paragraphs 4.b, 5.b, 6.b, and 10 of the Settlement Agreement, which are incorporated into this Stipulation and Order as if fully set forth herein.

3. Nothing in the parties' Settlement Agreement requires Defendants to undertake any specific measure to prioritize monitoring and timely delivery of election mail, or any specific measure with respect to the treatment of election mail in any given year.

1

4. This Stipulation and Order shall constitute dismissal with prejudice of Plaintiff's claims for relief. The dismissal of this action shall be effective upon the Court's signing and entry of this Stipulation and Order on the docket as an order of the Court.

5. Upon entry of the Court's order on the docket, the preliminary injunction and other pending interlocutory orders entered in this case shall be dissolved.

Dated: December 17, 2021

Respectfully submitted,

/s/ *Allison M. Zieve*
Allison M. Zieve (DC Bar No. 424786)
Wendy Liu (DC Bar No. 1600942)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Samuel Spital (D.D.C. Bar No. SS4839)
Arielle Humphries (admitted pro hac vice)
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

*Counsel for Plaintiff NAACP*

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

/s/ *Joseph E. Borson*
JOSEPH E. BORSON (VA Bar No. 85519)
KUNTAL CHOLERA
JOHN J. ROBINSON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 514-1944

*Counsel for Defendants*

SO ORDERED.

_____
United States District Judge

**EXHIBIT A**

## SETTLEMENT AGREEMENT

By and through their respective counsel, plaintiff National Association for the Advancement of Colored People (NAACP or Plaintiff) and defendants United States Postal Service (the Postal Service) and Postmaster General Louis DeJoy, in his official capacity (collectively, Defendants) hereby agree to settle and compromise the civil action captioned *NAACP v. United States Postal Service and Louis DeJoy*, No. 20-2295 (the Action), under the terms and conditions set forth in this Settlement Agreement (the Agreement).

WHEREAS mail-in voting is an increasingly utilized method by which many Americans participate in democracy,

WHEREAS mail-in voting requires that voters who choose to use the mail to vote be able to do so effectively,

WHEREAS the NAACP brought the Action against Defendants because, among other things, it believed that the Postal Service was failing to timely implement measures required to ensure timely and reliable mail delivery,

WHEREAS Defendants deny that they failed to timely implement measures required to ensure timely and reliable mail delivery, and to the contrary assert that they performed their role admirably and consistent with the applicable standards,

WHEREAS the Postal Service anticipates utilizing its long-standing policies and practices reflected in its written guidance concerning the November 2020 election in the next upcoming national election for 2022, and all parties recognize that the details and specific policies are subject to change to meet then current circumstances,

WHEREAS NAACP agrees that these intentions are satisfactory to resolve this Action,

And WHEREAS the Parties mutually believe that an agreed resolution of this Action is desirable,

The Parties hereby agree as follows:

1. As used herein, the following terms will have the following meanings:

   - Election Mail: any item mailed to or from authorized election officials that enables citizens to participate in the voting process—including ballots, voter registration cards, absentee voting applications, and polling place notifications.

   - National Guidance Documents: National Guidance Documents are official materials issued by Postal Service Headquarters that will reflect the Postal Service's formal nationwide Election Mail practices and policies for prioritizing the monitoring and timely delivery of Election Mail for the national election cycle taking place every two years. Such materials would include handbooks, regulations,

and/or memoranda focused on Election Mail. National Guidance Documents do not include all Postal Service Election Mail-related documents, such as technical guidance regarding individual sort plans or mail flow plans or internal presentations used for training purposes.

- Parties: Plaintiff and all Defendants in this Action.

2.  In 2022, 2024, 2026, and 2028, the Postal Service will post publicly on its website copies of officially issued National Guidance Documents related to Election Mail. The Postal Service retains discretion over the specific manner and method of posting, as well as the substantive contents of any such documents posted, as further clarified in paragraphs 3 and 10 of this Agreement. The Postal Service will (1) publicly post National Guidance Documents applicable to federal primary elections no later than February 1 of each election year and will post subsequently prepared National Guidance Documents within one week of distribution to the relevant Postal Service employees; and (2) publicly post National Guidance Documents applicable to the federal general election no later than October 1 of each election year and will post subsequently prepared National Guidance Documents within one week of distribution to the relevant Postal Service employees. This Agreement will not require the Postal Service to re-issue National Guidance Documents that are already in effect; however, if the Postal Service does not issue any new National Guidance Documents for an election cycle because otherwise extant National Guidance Documents are already in effect and posted online, it will note that fact publicly on its website.

3.  With respect to the guidance documents posted pursuant to paragraph 2, above:

   a. For 2022, the National Guidance Documents will reflect the Postal Service's good faith efforts to take measures similar in content to, and consistent with, the written guidance and extraordinary measures used in the November 2020 election. The Parties acknowledge, however, that the Postal Service may make adjustments to those policies and that it is premature to state with specificity what, if any, changes may be made to the written guidance documents from the November 2020 election for the next national election cycle. The Parties recognize that intervening circumstances, including, but not limited to, statutory or regulatory changes, may occur that make specific measures identified in the written guidance for November 2020 inappropriate or less relevant or instructive in achieving the purposes of the 2020 guidance documents.

   b. For 2024, 2026, and 2028, the guidance documents will reflect the Postal Service's good faith efforts to prioritize monitoring and timely delivery of Election Mail, provided that such efforts will not be inconsistent with any relevant and then-current statutory requirements and then-current regulations of or orders of the Postal Regulatory Commission. The Parties acknowledge, however, that it is premature at this juncture to state with specificity what form those policies will take. The Parties further acknowledge that there may be different treatment for ballot mail, as compared to other Election Mail.

**4. a**. The Postal Service will host outreach meetings with the NAACP twice during each election cycle for the general election that occurs on the Tuesday after the first Monday of November in 2022, 2024, 2026, and 2028: one meeting no later than April in each of those years and one in August or September in each of those years. The outreach meetings are intended to be cooperative discussions in which the participating parties will have an opportunity to ask and answer questions, and to discuss, among other things:

- Information about Election Mail performance,
- Frequently reported Election Mail issues and how they are addressed,
- Ongoing education efforts and outreach, including best practices and recommendations for use of Election Mail,
- Program Kits,
- Postal Service Election Mail website content,
- Operational efforts (e.g., training, outreach, processes), and
- Planned policies and extraordinary measures.

The Postal Service will consider additional follow-up briefings to discuss concerns expressed by NAACP, including service performance and policy changes, if circumstances warrant and the requests are reasonable.

**b.** With respect to the obligations described in paragraph 4, only the failure to hold the meetings specified in subparagraph 4.a will be enforceable pursuant to Paragraph 10 of this Agreement. All other issues described in this paragraph 4, including the Postal Service's determination not to hold an additional follow-up briefing, any concerns regarding the specific content of any information shared (or not shared) during the course of the outreach meetings, or the procedural aspects of outreach meetings (including duration, attendance, or other matters) will not be a basis for any motion to enforce this Agreement brought pursuant to Paragraph 10. The parties agree to cooperate in good faith to address any such disputes.

**c.** At the beginning of the 2022, 2024, 2026, and 2028 election cycles (*e.g.*, in February or March 2022 for the 2022 election season), the NAACP will provide contact information to the Postal Service Law Department for no more than 3 NAACP representatives (which, at the NAACP's election, may include the NAACP's counsel in this action) during that election season, and the Postal Service will identify for the NAACP the relevant contact in the Postal Service Law Department who will be the primary liaison during that election season.

**5. a.** The Postal Service will provide to the NAACP weekly First-Class Mail and Marketing Mail service performance scores for the 6 weeks before and 1 week following the national general election occurring on the first Tuesday after the first Monday in November 2022 and 2024. The reports will be the same in kind as those reports currently being provided to Congress and the NAACP at the time this Agreement is executed, and they will provide service performance scores for the preceding week. (For example, reports on October 15, 2021, cover data through the week ending October 8, 2021.)

**b.** Should intervening circumstances arise, including, but not limited to, statutory or regulatory changes that require the Postal Service to publicly report data related to Service

Performance that the Parties mutually agree is substantially similar to the weekly reports, that required public reporting will suffice in lieu of providing reports directly to the NAACP.

6. The parties will file this settlement as an exhibit to a Stipulation of Settlement and Proposed Order.

   a. The Stipulation will request that the court retain jurisdiction over disputes regarding paragraphs 2, 4, and 5, above, and enter a final judgment otherwise dismissing the case with prejudice. The Parties agree that the court will not retain jurisdiction over other parts of this Agreement, and they agree not to bring any motion to enforce any provision other than paragraphs 2, 4, and 5, and that those three paragraphs are subject to the relevant limitations set out in paragraphs 4.b, 5.b, 6.b. and 10 of this Agreement.

   b. The Stipulation will specify that nothing in this Agreement requires the Postal Service to undertake any specific measure to prioritize monitoring and timely delivery of Election Mail, or any specific measure with respect to the treatment of Election Mail in any given year.

   c. If the court enters an order inconsistent with the Stipulation set out in paragraph 6.a or 6.b, this Agreement will be null and void.

7. The NAACP hereby waives any and all claims that have been brought or could be brought regarding actions taken by the Postal Service related to transportation policy or Election Mail through the date of execution of this Agreement. This waiver of rights does not preclude the NAACP from bringing future lawsuits regarding action taken by the Postal Service after the date of the execution of this Agreement, and the Postal Service does not waive any objections to jurisdiction, merits, or otherwise regarding any such lawsuits.

8. The dismissal of this Action with prejudice will dissolve the preliminary injunction and other pending interlocutory orders entered in this case. The NAACP agrees not to bring any motions for contempt, sanctions, or to enforce any court orders with respect to any orders or conduct that occurred before the date of the Agreement.

9. All parties agree to bear their own fees and costs incurred in connection with this Action.

10. If the NAACP believes that the Postal Service has violated the terms of paragraphs 2, 4, or 5 of this Agreement, it may file a motion to enforce or for other relief based on that violation. The Postal Service reserves all rights to oppose such a motion, including by arguing that it has not violated the paragraph of the Agreement at issue. Before filing a motion seeking relief with respect to a violation of the terms of paragraphs 2, 4, or 5 of this Agreement, the NAACP must specify in writing to the Postal Service the alleged violation together with all evidence supporting such alleged violation and will provide the Postal Service at least 5 days' notice to investigate the allegations and, if appropriate, to cure the violation. During this time, the parties will meet and confer in good faith in an attempt to resolve this disagreement.

**11.** This Agreement has been entered into by Plaintiff and Defendants solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. This Agreement is not intended and will not be deemed an admission by any Party of the merit or lack of merit of an opposing Party's claims or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and will not be construed as, an admission of liability or fault on the part of the Defendants or as an admission of any contested fact alleged by Plaintiff in connection with the Civil Action or otherwise. The Parties do not intend for this Agreement to be used as evidence or otherwise in any civil or administrative action or proceeding against Defendants, except for proceedings necessary to implement or enforce the terms hereof.

**12.** This Agreement contains the entire agreement between the Parties hereto and supersedes all previous agreements, whether written or oral, between the Parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein will be enforced or otherwise given any force or effect in connection herewith.

**13.** The terms of this Agreement may not be modified or amended, and no provision hereof will be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver, or by such party's counsel.

**14.** The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter will not apply to the interpretation of this Agreement or any term or provision hereof.

**15.** The Parties acknowledge that the Postal Service is required to comply with various statutory requirements, and that nothing in this Agreement will require the Postal Service to take action that violates then-current statutory requirements or then-current requirements of regulations or orders issued by the Postal Regulatory Commission.

**16.** The Parties understand and agree that this Agreement, including all the terms and conditions of the compromise settlement herein, as well as any data or information gathered pursuant to Paragraphs 2, 4, and 5 of this Agreement, may be made public in its entirety.

**17.** This Agreement may be executed in two or more counterparts, each of which will be deemed to be an original and all of which together will be deemed to be one and the same agreement. A facsimile or other duplicate of a signature will have the same effect as a manually executed original.

**18.** Upon execution of this Agreement by all Parties hereto, this Agreement will be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns.

**19.** Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion.

**20.** This Agreement is effective when signed by all parties hereto.

For Plaintiff:

*/s/ Allison M. Zieve*

Allison M. Zieve (DC Bar No. 424786)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Samuel Spital (DDC Bar No. SS4839)
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

*Counsel for Plaintiff NAACP*

Dated: December 15, 2021

For Defendants:

*/s/ Joseph E. Borson*

JOSEPH E. BORSON (VA Bar No. 85519)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514-1944

*Counsel for Defendants*

Dated: December 16, 2021