**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| National Association for the Advancement of Colored People, <br><br>     *Plaintiff*, <br><br> v. <br><br> United States Postal Service, et al., <br><br>     *Defendants*. | Civil Action No. 20-cv-2295 (EGS) |

**NOTICE OF STAY BY COURT OF APPEALS**

Plaintiff hereby gives notice that the D.C. Circuit Court of Appeals has issued a stay pending appeal of this Court's July 1, 2026, order, Dkt. No. 181. A copy of the Court of Appeals' order is attached.


Date: July 20, 2026       Respectfully submitted,

                 /s/ Allison M. Zieve

Sam Spital (D.D.C. Bar No. SS4839)     Allison M. Zieve (DC Bar No. 424786)
John S. Cusick (admitted pro hac vice)    Wendy Liu (DC Bar No. 1600942)
Brittany Carter (admitted pro hac vice)    PUBLIC CITIZEN LITIGATION GROUP
NAACP LEGAL DEFENSE AND EDUCATIONAL   1600 20th Street NW
FUND, INC.              Washington, DC 20009
40 Rector Street, 5th Floor       (202) 588-1000
New York, NY 10006        azieve@citizen.org
(212) 965-2200
sspital@naacpldf.org

Counsel for Plaintiff NAACP

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-5257**                                 **September Term, 2025**

**1:20-cv-02295-EGS**

**Filed On:** July 17, 2026

National Association for the Advancement of
Colored People,

       Appellee

    v.

United States Postal Service and Louis
DeJoy, in his official capacity as Postmaster
General of the United States Postal Service,

       Appellants

**BEFORE:**    Henderson, Walker, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the motion for stay pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion for stay be granted. Appellants have satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). Appellants have made a strong showing that they will likely succeed on two of their arguments. First, their proposed rule is likely neither constitutionally nor prudentially ripe for review. See Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin., 710 F.2d 842, 846 (D.C. Cir. 1983) (per curiam). Second, even if adopted, that proposed rule likely would not violate paragraph 2 of the parties' settlement agreement. Next, appellants have demonstrated irreparable harm on the ground that, absent a stay, the district court's injunction "will render [them] unable" to "issue and implement a final rule in advance of the November 2026 general election." Mot. for Stay 24. In this context, "there can be no do over" once the election occurs. League of Women Voters of the U.S. v. Newby, 838 F.3d 1, 9 (D.C. Cir. 2016) (internal quotation marks omitted). Finally, on this record, any countervailing harm to appellee and the public does not

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-5257**                                         **September Term, 2025**

outweigh appellants' success on the two "most critical" stay factors.  <u>Nken</u>, 556 U.S. at 434.

### Per Curiam

                                                                   **FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
           Selena R. Gancasz
           Deputy Clerk